# AG&A | ANSELL GRIMM & AARON PC
## COUNSELORS AT LAW

1500 LAWRENCE AVENUE
CN7807
OCEAN, NEW JERSEY 07712
732-922-1000
732-922-6161 (FAX)

365 RIFLE CAMP ROAD
WOODLAND PARK, NEW JERSEY 07424
973-247-9000
973-247-9199 (FAX)

214 CARNEGIE CENTER
SUITE 112
PRINCETON, NEW JERSEY 08540
609-751-5551

140 GRAND STREET
SUITE 705
WHITE PLAINS, NEW YORK 10601
800-569-3886

41 UNIVERSITY DRIVE
SUITE 400
NEWTOWN, PENNSYLVANIA 18940
267-757-8792

www.ansellgrimm.com

RICHARD B. ANSELL ‡
PETER S. FALVO, JR.
JAMES G. AARON
PETER B. GRIMM
MITCHELL J. ANSELL
BRIAN E. ANSELL‡
ALLISON ANSELL•
MICHAEL V. BENEDETTO
DAVID B. ZOLOTOROFE
DONNA L. MAUL•
RICK BRODSKY•
LAWRENCE H. SHAPIRO•□
ROBERT A. HONECKER, JR.•‡
JENNIFER S. KRIMKO
FREDERICK C. RAFFETTO~
JOSHUA S. BAUCHNER•
DAVID J. BYRNEn
ANDREA B. WHITE •+

EDWARD J. AHEARN
JASON S. KLEIN•
MELANIE J. SCROBLE
BARRY M. CAPP△
DOUGLAS A. DAVIE•
MARK M. WIECHNIK
ELYSA D. BERGENFELD
RICHARD B. LINDERMANn
CRAIG D. GOTTILLA•□
KEVIN M. CLARK
KRISTINE M. BERGMANn
JESSICA T. ZOLOTOROFE
TARA K. WALSH•
RAHOOL PATEL•
NICOLE D. MILLERn
ALFRED M. CASO
ANTHONY J. D'ARTIGLIO•
SETH M. ROSENSTEIN•

COUNSEL
HON. ANTHONY J. MELLACI JR., J.S.C. (RET)
STACEY R. PATTERSON•
JAMES A. SYLVESTER
ROY W. HIBBERD §△
HON. RAYMOND A. HAYSER, J.T.C. (RET)
KELLY M. CAREY

RETIRED
ROBERT I. ANSELL
LISA GOLDWASSER•

IN MEMORIAM
LEON ANSCHELEWITZ (1929-1986)
MAX M. BARR (1929-1993)
MILTON M. ABRAMOFF (1935-2004)
DAVID K. ANSELL† (1962-2019)

LICENSED ALSO IN
△ D.C. + MASS. • N.Y. ٦ WASH.
n PENN. ٥ FLA. v CALIF

† FELLOW, AMERICAN
ACADEMY OF MATRIMONIAL
LAWYERS

‡ CERTIFIED BY THE SUPREME
COURT OF NEW JERSEY AS A
CIVIL TRIAL ATTORNEY

§ CERTIFIED BY THE SUPREME
COURT OF NEW JERSEY AS A
CRIMINAL TRIAL ATTORNEY

• CERTIFIED BY THE SUPREME
COURT OF NEW JERSEY AS A
MATRIMONIAL LAW ATTORNEY

November 25, 2020

<u>Via ECF</u>

Honorable Alison J. Nathan, U.S.D.J.
United States District Court for the
    Southern District of New York
40 Foley Square, Room 2102
New York, New York 10007

     Re:    *Jeffrey M. Goldman v. Sol Goldman Investments LLC, et al.*
            Civil Action No.: 1:20-cv-6727

Dear Judge Nathan:

     This firm represents Defendants Sol Goldman Investments LLC ("SGI"), Solil Management, LLC ("Solil"), and Jane H. Goldman (collectively, "Defendants") in the above styled matter. Please accept this letter brief in lieu of a more formal brief in support of SGI's motion to dismiss the Complaint for failure to state a claim upon which relief may be granted, pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6).[1]

---

[1]    Defendants Solil and Jane H. Goldman have filed an Answer contemporaneously with the filing of this motion to dismiss.

## STATEMENT OF FACTS

The sum and substance of Plaintiff Jeffrey M. Goldman's ("Plaintiff") Complaint is straightforward.  He alleges that Defendants engaged in unlawful age and disability discrimination and retaliation in violation of the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 290, *et seq.*, and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code §§ 8-101, *et seq.*, when he was fired from his position as an in-house attorney.

While Defendants vigorously deny the allegations set forth in the Complaint, the only question before the Court today is quite simple:  Who employed Plaintiff?  And, the answer to that legal question is equally simple:  Solil, not SGI.

## LEGAL STANDARD

Under Rule 12(b)(6), "a defendant may move for dismissal on the ground that the complaint fails to state a claim upon which relief can be granted."  *Ying Li v. City of N.Y.*, 246 F. Supp. 3d 578, 596 (E.D.N.Y. 2017) (internal quotation and formatting marks deleted).  To defeat a Rule 12(b)(6) motion, the complaint "must plead sufficient facts 'to state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556).

To that end, the Second Circuit has held that "[a] complaint which consists of conclusory allegations unsupported by factual assertions fails even the liberal standard of Rule 12(b)(6)."  *De Jesus v. Sears, Roebuck & Co.*, 87 F.3d 65, 70 (2d Cir. 1996) (quoting *Palda v. General Dynamics Corp.*, 47 F.3d 872, 875 (7th Cir. 1995)); *see also Brady v. Basic Research, L.L.C.*, 101 F. Supp. 3d 217, 233 (E.D.N.Y. 2015) ("It is well settled that conclusory allegations merely stating general

legal conclusions necessary to prevail on the merits of a claim, unsupported by factual averments will not be accepted as true.").

Although a court "must accept the factual allegations set forth in the complaint as true and must draw all reasonable inferences in favor of the plaintiff[,]" this principle does not apply to legal conclusions. *Ying Li*, 246 F. Supp. 3d at 597 (citing *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) and *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). When a plaintiff has failed to push "their claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Twombly*, 550 U.S. at 570.

## **LEGAL ARGUMENT**

SGI was not Plaintiff's "employer" under either the NYSHRL or the NYCHRL and, therefore, Plaintiff has failed to state a claim against SGI upon which relief can be granted. In these circumstances, the Court should grant SGI's Rule 12(b)(6) motion as a matter of law.

The plain language of the NYSHRL does not provide a definition for "employer" other than to say that, effective February 8, 2020, "employer" shall mean "all employers within the state." N.Y. Exec. Law § 292(5). However, New York's courts have "recognized four elements to be considered in determining whether a defendant may be sued as an employer: (1) the court must consider whether the proposed employer had the power to select or engage the employee; (2) paid the employee's wages or salary; (3) had the power of dismissal; and (4) had the power to control the employee's conduct." *Burhans v. State*, No. 152906/14, 2015 N.Y. Misc. LEXIS 9641, at *12 (Sup. Ct. Jan. 7, 2015) (citing *State Div. of Human Rights v. GTE Corp.*, 109 A.D.2d 1082, 1083 (N.Y. App. Div. 4th Dep't. 1985)); *see also Germakian v. Kenny Int'l Corp.*, 151 A.D.2d

342, 343 (N.Y. App. Div. 1st Dep't. 1989) ("The essential element is control over the conduct of another including selection, payment of wages and power of dismissal.").  The New York State Court of Appeals, in response to a certified question from the Second Circuit, has expressly approved the analysis of the *GTE Corp.* court:  "[C]ommon law principles, as discussed in *GTE* [*Corp.*], determine who may be liable as an employer under [the New York State] Human Rights Law, with greatest emphasis placed on the alleged employer's power 'to order and control' the employee in his or her performance of work."  *Griffin v. Sirva, Inc.*, 29 N.Y.3d 174, 186 (2017).

The text of the NYCHRL similarly does not provide a functional definition of an "employer."  N.Y.C. Admin. Code § 8-102; *see Escobar v. Tutor Perini Corp.*, No. 152524/18, 2019 N.Y. Misc. LEXIS 1867, at *16 (Sup. Ct. Apr. 8, 2019).  Nonetheless, New York's courts have generally interpreted the NYCHRL to share the same definition of "employer" as the NYSHRL except to the extent that the employee threshold requirement differs between the laws, which is not relevant here.  *Escobar*, 2019 N.Y. Misc. LEXIS 1867 at *16-17 (citing *Griffin*, 29 N.Y.3d at 186)).

Here, the Complaint does not plead ***any*** of the four requirements set forth by the Appellate Division in *GTE Corp.* and endorsed by the Court of Appeals in *Griffin*.  The Complaint never alleges that SGI (1) had the power to select or engage Plaintiff's services; (2) paid Plaintiff's wages or salary; (3) had the power to dismiss Plaintiff; and (4) had the power to control Plaintiff's conduct.  The failure to plead one of these elements would generally be sufficient to dismiss Plaintiff's claim; the failure to ***plead all four*** is indisputably fatal.[2]

---

[2]     In fact, in his attempt to impermissibly name SGI, Plaintiff fails to actually allege that ***any*** Defendant was his employer, permitting dismissal of the action in its entirety for failure to state a claim.  Rather than burden the Court with seriatim motion practice and in recognition of Solil's status as Plaintiff's employer, SGI alone moves for dismissal on that basis and the remaining Defendants reserve their rights accordingly.

In fact, the Complaint does not even expressly allege that SGI "employed" Plaintiff under the NYSHRL or NYCHRL.   Apart from a handful of paragraphs setting forth Plaintiff's description of SGI, there are no individual references to SGI and the Complaint is simply replete with deliberately vague and nebulous references to "Defendants" impermissibly levied generally and collectively.   *See, e.g.*, Compl., ¶¶ 2-6, 15-23, 30-31, 42-44, 47-48 (D.E. #1).   Simply put, Plaintiff has failed to "plead sufficient facts" to establish a "plausible" claim against SGI.   *Ying Li*, 246 F. Supp. 3d at 596.   Indeed, as Plaintiff alleges to be a lawyer and 20 year employee, *see* Compl. ¶ 15 (D.E. #1), it is not only implausible but downright inconceivable that he does not know who his employer is.   *See Twombly*, 550 U.S. at 570 ("Because the plaintiffs here have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed.").

Plaintiff does not -- because he cannot -- allege that SGI employed him.   As a result, all of his claims against SGI fail as a matter of law compelling dismissal of that Defendant.

## CONCLUSION

For the foregoing reasons, SGI respectfully submits that its Rule 12(b)(6) motion for failure to state a claim be granted, that the Court direct the Clerk to remove SGI as a Defendant in this matter, and grant all further and additional relief as the Court deems justified and necessary, including awarding SGI its reasonable attorney's fees and costs attendant to this motion.

Respectfully submitted,

/s/ Joshua S. Bauchner
Joshua S. Bauchner, Esq.
Rahool Patel, Esq.
Ansell Grimm & Aaron, P.C.
*Attorneys for Defendants*

Cc:     Counsel for Plaintiff (via ECF)

A commitment to excellence. A commitment to people. Since 1929.