JOSEPH & KIRSCHENBAUM LLP
Attorneys at Law

Charles Joseph
D. Maimon Kirschenbaum
Denise Schulman
Josef Nussbaum
Lucas C. Buzzard

32 Broadway, Suite 601
New York, NY 10004
Phone (212) 688-5640
Fax (212) 688-2548
www.jk-llp.com

December 2, 2020

**VIA EMAIL**

Hon. Alison J. Nathan
United States District Judge
U. S. District Court for the Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

>   Re:   *Goldman v. Sol Goldman Investments LLC, et al.*
>         Index No. 1:20 cv 6727

Dear Judge Nathan:

The parties submit this joint letter in advance of the Initial Conference scheduled in this matter for December 4, 2020 pursuant to the Court's Order, filed September 4, 2020. (ECF No. 6).

### A. Statement of the Nature of the Action & Principal Defenses

Plaintiff

Plaintiff Jeffrey M. Goldman ("Plaintiff" or "Plaintiff Goldman") brings this action against Defendant Sol Goldman Investment LLC, Solil Management LLC, and Defendant Jane H. Goldman, alleging claims of discrimination in violation of the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 290, et seq. and the New York City Human Rights Law ("NYCHRL"), N.Y. Admin. Code §§8-101 et seq.

Plaintiff Goldman served as Defendants' counsel for 20 years, representing Defendants' hundreds of commercial and residential real estate properties throughout New York City. In mid-March 2020, Defendants' legal staff, including Plaintiff, began working from home because of the rampant spread of Covid-19. However, in June 2020, Defendants instructed their employees to return to the office. Plaintiff submitted a letter to Defendants from his physician explaining that Plaintiff's age and numerous underlying conditions made returning to work in-person extremely dangerous for Plaintiff. Further, at the time, the housing court was still holding all proceedings remotely and physical appearances were just a hypothetical and future possibility. On June 24, 2020, Defendant Jane Goldman called Plaintiff and insisted that he return to the office and resume physical appearances in court. When he refused to put his life in danger and asked to continue

working from home, Defendant Jane Goldman terminated Plaintiff based on his (actual and/or perceived) disability and in retaliation for his request for a reasonable accommodation.

    Defendants

As a preliminary matter, Defendant Sol Goldman Investments LLC ("SGI") contends that it was not Plaintiff's "employer" under the NYSHRL or the NYCHRL and, therefore, no claim lies against SGI. This issue is the subject of the pending motion to dismiss filed on November 25, 2020 (and referenced in Section C below). Instead, Defendant Solil Management LLC ("Solil") was Plaintiff's employer.

Solil contends that it did not engage in unlawful disability discrimination or retaliation under either the NYSHRL or the NYCHRL. In fact, neither Solil nor Defendant Jane Goldman fired Plaintiff because he voluntarily abandoned his job. Furthermore, Defendant Jane Goldman contends that there is no basis to impose individual liability upon her because her conduct complied with all relevant laws.

### B. Explanation for Jurisdiction and Venue

This Court has diversity jurisdiction over Plaintiff's claims under 28 U.S.C. § 1332, as Plaintiff is a resident of New Jersey and Defendants are residents of New York, and the value of Plaintiff's claims exceeds $75,000. Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

### C. Brief Description of Any Outstanding Motion

Defendants filed a Motion to Dismiss Plaintiff's Complaint as it applies to Defendant Sol Goodman Investments LLC on November 25, 2020. (ECF No. 14). Pursuant to Rule 15 of the Federal Rules of Civil Procedure, Plaintiff intends to file an Amended Complaint that will moot most of the issues raised in Defendants' Motion to Dismiss. After filing the Amended Complaint, Plaintiff anticipates discussing with Defendants' counsel whether Defendants intend to answer the Amended Complaint or move to dismiss again.

The parties do not need the initial pretrial conference scheduled for December 4, 2020. The parties will inform the court about how Defendants want to proceed within seven days.

### D. Brief Description of Discovery

No discovery has been conducted.

### E. Computation of Damages

Plaintiff's damages will likely exceed $1,000,000 by the time of trial. Plaintiff was terminated on June 24, 2020 after he requested the accommodation of working from home during the Covid-19 pandemic because of his underlying health conditions. He was two days shy of his 20th anniversary working for Defendants. Now, in the midst of an international pandemic, and at

the age of 69, Plaintiff will certainly struggle to find new comparable employment. Plaintiff intended to continue working until at least the age of 75. Given the current environment, and Plaintiff's age, Plaintiff should be awarded a minimum of five years of compensation, or $950,000, as front pay. Plaintiff is also entitled to back pay (currently, approximately 5 months of his annual salary, or $79,200). Further, Plaintiff is entitled to emotional distress damages, attorneys' fees and punitive damages for his claims brought under the NYCHRL. Plaintiff's emotional distress damages could exceed $150,000. Under the ADA, Plaintiff is entitled to liquidated damages in the amount of his back pay. Attorneys' fees and punitive damages must be determined at trial.

| **Damages** | **Amount** |
| --- | --- |
| Back Pay: 5 Months | ($15,833.33 x 5) = $79,166.66 |
| Liquidated Damages: 5 Months | $79,166.66 |
| Front Pay: 5 Years | $950,000 |
| Emotional Distress: | $150,000 |
| Attorneys' Fees: | TBD |
| Punitive Damages: | TBD |

Defendants contend that no unlawful conduct occurred and, therefore, no damages are owed to Plaintiff.

**F. Status of Settlement Discussions**

Plaintiff's counsel contacted Defendants on August 6, 2020 to discuss Plaintiff's claims. Defendants did not respond to Plaintiff's inquiry. Plaintiff filed his complaint on August 21, 2020. The parties have not engaged in settlement discussions.

We thank the Court for its consideration of this matter.

Respectfully submitted,

| | |
| --- | --- |
| Joseph & Kirschenbaum LLP | Ansell Grimm & Aaron, P.C |
| | |
| */s/D. Maimon Kirschenbaum* | */s/Joshua S. Bauchner* |
| D. Maimon Kirschenbaum | Joshua S. Bauchner |
| 32 Broadway, Suite 601 | 365 Rifle Camp Road |
| New York, NY 10004 | Woodland, NJ 07424 |
| (212) 688-5640 | (973) 247-9000 |
| Maimon@jk-llp.com | jb@ansellgrimm.com |
| | |
| *Attorneys for Plaintiff* | *Attorneys for Defendants* |