

# ANSELL GRIMM & AARON PC
COUNSELORS AT LAW

1500 LAWRENCE AVENUE
CN7807
OCEAN, NEW JERSEY 07712
732-922-1000
732-922-6161 (FAX)

365 RIFLE CAMP ROAD
WOODLAND PARK, NEW JERSEY 07424
973-247-9000
973-247-9199 (FAX)

214 CARNEGIE CENTER
SUITE 112
PRINCETON, NEW JERSEY 08540
609-751-5551

140 GRAND STREET
SUITE 705
WHITE PLAINS, NEW YORK 10601
800-569-3886

41 UNIVERSITY DRIVE
SUITE 400
NEWTOWN, PENNSYLVANIA 18940
267-757-8792

www.ansellgrimm.com

RICHARD B. ANSELL ‡
PETER S. FALVO, JR.
JAMES G. AARON
PETER B. GRIMM
MITCHELL J. ANSELL
BRIAN E. ANSELL‡
ALLISON ANSELL¤†
MICHAEL V. BENEDETTO
DAVID B. ZOLOTOROFE
DONNA L. MAUL•
RICK BRODSKY•
LAWRENCE H. SHAPIRO•□
ROBERT A. HONECKER, JR. □§
JENNIFER S. KRIMKO
FREDERICK C. RAFFETTO~
JOSHUA S. BAUCHNER•
DAVID J. BYRNE□
ANDREA B. WHITE •·

EDWARD J. AHEARN
JASON S. KLEIN•
MELANIE J. SCROBLE
BARRY M. CAPP•∆
DOUGLAS A. DAVIE•
MARK M. WIECHNIK
ELYSA D. BERGENFELD
RICHARD B. LINDERMAN□
CRAIG D. GOTTILLA•□
KEVIN M.CLARK
KRISTINE M. BERGMAN□
JESSICA T. ZOLOTOROFE
TARA K. WALSH•
RAHOOL PATEL•
NICOLE D. MILLER□
ALFRED M. CASO
ANTHONY J. D'ARTIGLIO•
SETH M. ROSENSTEIN•

COUNSEL
HON. ANTHONY J. MELLACI, JR., J.S.C. (RET)
STACEY R. PATTERSON•
JAMES A. SYLVESTER
ROY W. HIBBERD ∇∆
HON. RAYMOND A. HAYSER, J.T.C. (RET)
KELLY M. CAREY

RETIRED
ROBERT I. ANSELL
LISA GOLDWASSER•

IN MEMORIAM
LEON ANSCHELEWITZ (1929-1986)
MAX M. BARR (1929-1993)
MILTON M. ABRAMOFF (1935-2004)
DAVID K. ANSELL† (1962-2019)

LICENSED ALSO IN:
∆ D.C. ¤ MASS. • N.Y. * WASH.
□ PENN. ~ FLA. ∇ CALIF.

† FELLOW, AMERICAN ACADEMY OF MATRIMONIAL LAWYERS

‡ CERTIFIED BY THE SUPREME COURT OF NEW JERSEY AS A CIVIL TRIAL ATTORNEY

§ CERTIFIED BY THE SUPREME COURT OF NEW JERSEY AS A CRIMINAL TRIAL ATTORNEY

• CERTIFIED BY THE SUPREME COURT OF NEW JERSEY AS A MATRIMONIAL LAW ATTORNEY

December 17, 2020

**<u>Via ECF</u>**

Honorable Alison J. Nathan, U.S.D.J.
United States District Court for the
   Southern District of New York
40 Foley Square, Room 2102
New York, New York 10007

      Re:    *Jeffrey M. Goldman v. Sol Goldman Investments LLC, et al.*
             <u>Civil Action No.: 1:20-cv-6727</u>

Dear Judge Nathan:

This firm represents Defendants Sol Goldman Investments LLC ("SGI"), Solil Management, LLC ("Solil"), and Jane H. Goldman (collectively, "Defendants") in the above styled matter. Please accept this letter brief in lieu of a more formal brief in support of SGI's motion to dismiss the Amended Complaint for lack of subject-matter jurisdiction and failure to state a claim upon which relief may be granted, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).[1]

---

[1] Defendants Solil and Jane H. Goldman have filed an Answer to the Amended Complaint contemporaneously with the filing of this motion to dismiss.

**STATEMENT OF FACTS**

The sum and substance of Plaintiff Jeffrey M. Goldman's ("Plaintiff") Amended Complaint is straightforward.[2] He alleges that Defendants engaged in unlawful age and disability discrimination and retaliation in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, *et seq.*, the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 290, *et seq.*, and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code §§ 8-101, *et seq.*, when he was fired from his position as an in-house attorney.

While Defendants vigorously deny the allegations set forth in the Amended Complaint, the only question before the Court today is quite simple: Who employed Plaintiff? And, the answer to that legal question is equally simple: Solil, not SGI.

**LEGAL STANDARD**

Rule 12(B)(1): Lack Of Subject-Matter Jurisdiction

Pursuant to Rule 12(b)(1), a defendant may move to dismiss any pleading on the ground that the Court lacks subject-matter jurisdiction. *See, e.g., Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) ("A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it."). "In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court . . . may refer to evidence outside the pleadings." *Ibid.*; *see also Anderson v. Derby Bd. of Educ.*, 718 F. Supp. 2d 258, 265 (D. Conn. 2010) (When subject matter jurisdiction is challenged under Rule 12(b)(1), both 'the movant and the pleader may use affidavits and other pleading materials to support and oppose such motions,' without converting the motion to one for

---

[2] The Amended Complaint was filed in response to SGI's original motion to dismiss, which rendered that motion moot. However, as the Amended Complaint does not cure the deficiencies found in the original Complaint, SGI has been forced to file this motion to dismiss.

summary judgment.") (citing *Golnik v. Amato*, 299 F. Supp. 2d 8, 13 (D. Conn. 2003)); *Kamen v. American Telephone & Telegraph Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986).

"A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Makarova*, 201 F.3d at 113 (citing *Malik v. Meissner*, 82 F.3d 560, 562 (2d Cir. 1996)); *see also Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 507 (2d Cir. 1994).

### Rule 12(B)(6): Failure To State A Claim Upon Which Relief May Be Granted

Under Rule 12(b)(6), "a defendant may move for dismissal on the ground that the complaint fails to state a claim upon which relief can be granted." *Ying Li v. City of N.Y.*, 246 F. Supp. 3d 578, 596 (E.D.N.Y. 2017) (internal quotation and formatting marks deleted). To defeat a Rule 12(b)(6) motion, the complaint "must plead sufficient facts 'to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556).

To that end, the Second Circuit has held that "[a] complaint which consists of conclusory allegations unsupported by factual assertions fails even the liberal standard of Rule 12(b)(6)." *De Jesus v. Sears, Roebuck & Co.*, 87 F.3d 65, 70 (2d Cir. 1996) (quoting *Palda v. General Dynamics Corp.*, 47 F.3d 872, 875 (7th Cir. 1995)); *see also Brady v. Basic Research, L.L.C.*, 101 F. Supp. 3d 217, 233 (E.D.N.Y. 2015) ("It is well settled that conclusory allegations merely stating general legal conclusions necessary to prevail on the merits of a claim, unsupported by factual averments will not be accepted as true.").

Although a court "must accept the factual allegations set forth in the complaint as true and must draw all reasonable inferences in favor of the plaintiff[,]" this principle does not apply to legal conclusions. *Ying Li*, 246 F. Supp. 3d at 597 (citing *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) and *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). When a plaintiff has failed to push "their claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Twombly*, 550 U.S. at 570.

## **LEGAL ARGUMENT**

SGI was not Plaintiff's "employer" under the ADEA, the NYSHRL, or the NYCHRL and, therefore, the Court lacks subject-matter jurisdiction over SGI and Plaintiff has failed to state a claim against SGI upon which relief can be granted. In these circumstances, the Court should grant SGI's motion to dismiss as a matter of law.

### SGI Did Not "Employ" Plaintiff Under The ADEA

The ADEA defines an "employer" to be "a person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year[.]" 29 U.S.C. § 630(b). It further defines a "person" as "one or more individuals, partnerships, associations, labor organizations, corporations, business trusts, legal representatives, or any organized groups of persons." 29 U.S.C. § 630(a). Finally, the ADEA defines an "employee" to be "an individual employed by any employer[.]" 29 U.S.C. § 630(f). Together, these definitions articulate a simple and non-controversial principle: If an individual is not employed by a particular company (as is the case here), then that company is not the individual's "employer" under the ADEA and no cause of

action exists against that company. Simply put, one does not sue Dunkin Donuts for age discrimination if employed by Starbucks.

This Court has recognized that "[a] federal court lacks subject matter jurisdiction over age discrimination claims brought against employers with fewer than twenty employees." *Brennan v. G.S.A. Ltd.*, 1999 U.S. Dist. LEXIS 1588, at *5 (S.D.N.Y. Feb. 16, 1999); *see also Guadagno v. Wallack Ader Levithan Assoc.*, 932 F. Supp. 94, 95 (S.D.N.Y. 1996); *Rogers v. Sugar Tree Prods.*, 7 F.3d 577, 579 (7th Cir. 1993) ("For federal subject matter jurisdiction to exist, the defendant must meet the definition of an employer as Congress set forth in § 630(b)."). If the federal courts lack subject-matter jurisdiction to hear an ADEA claim against an entity that ***actually employs*** a claimant simply because the entity fails to meet the 20-employee requirement, that same principle applies with even greater force when a claimant sues an entity that never even employed him. The ADEA only provides the federal courts with subject-matter jurisdiction to hear age discrimination claims filed by an "employee" against their "employer."

Here, the record is clear and uncontroverted. Plaintiff was not employed by SGI. Whether SGI would qualify as an "employer" under the ADEA for other claimants is immaterial because, as far as Plaintiff's ADEA claim is concerned, SGI was not his "employer." We know this and Plaintiff knew this prior to the filing of both the Complaint and Amended Complaint for two reasons. First, Plaintiff's W-2 form, which was provided to him on an annual basis by Solil and necessary for him to file his taxes, identified his employer as Solil. To that end, a copy of Plaintiff's 2018 W-2 form was provided to his counsel before this motion was filed and a redacted version is attached to the Certification of Joshua S. Bauchner, Esq. ("Bauchner Cert.") as **Exhibit A**. It indisputably shows that Plaintiff was employed by Solil. Second, Plaintiff received and executed a "Notice and Acknowledgement of Pay Rate and Payday Under Section 195.1 of the

New York State Labor Law[,]" which unambiguously states that his employee was "Solil Management LLC." *See* Bauchner Cert., **Exhibit B**.

Neither the W-2 nor the Wage Notice identifies SGI as Plaintiff's employer (or, in fact, identifies SGI at all). Moreover, Plaintiff has provided no evidence whatsoever that SGI was his employer to satisfy his burden of establishing subject matter jurisdiction. *See Makarova*, 201 F.3d at 113 ("A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists."). And, on a Rule 12(b)(1) motion, the Court is not obligated to accept as true the allegations in the Amended Complaint. *See id*. ("In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court . . . may refer to evidence outside the pleadings.").

In these circumstances, the facts compel one and only one finding: SGI was not Plaintiff's "employer" under the ADEA. Therefore, the Court must dismiss the Amended Complaint against SGI for both lack of subject-matter jurisdiction and for failure to state a claim upon which relief may be granted, pursuant to Rules 12(b)(1) and 12(b)(6).

<u>SGI Did Not "Employ" Plaintiff Under The NYSHRL And The NYCHRL</u>

The plain language of the NYSHRL does not provide a definition for "employer" other than to say that, effective February 8, 2020, "employer" shall mean "all employers within the state." N.Y. Exec. Law § 292(5). However, New York's courts have "recognized four elements to be considered in determining whether a defendant may be sued as an employer: (1) the court must consider whether the proposed employer had the power to select or engage the employee; (2) paid the employee's wages or salary; (3) had the power of dismissal; and (4) had the power to control the employee's conduct." *Burhans v. State*, No. 152906/14, 2015 N.Y. Misc. LEXIS 9641, at *12 (Sup. Ct. Jan. 7, 2015) (citing *State Div. of Human Rights v. GTE Corp.*, 109 A.D.2d 1082,

1083 (N.Y. App. Div. 4th Dep't. 1985)); *see also Germakian v. Kenny Int'l Corp.*, 151 A.D.2d 342, 343 (N.Y. App. Div. 1st Dep't. 1989) ("The essential element is control over the conduct of another including selection, payment of wages and power of dismissal."). The New York State Court of Appeals, in response to a certified question from the Second Circuit, has expressly approved the analysis of the *GTE Corp.* court: "[C]ommon law principles, as discussed in *GTE [Corp.]*, determine who may be liable as an employer under [the New York State] Human Rights Law, with greatest emphasis placed on the alleged employer's power 'to order and control' the employee in his or her performance of work." *Griffin v. Sirva, Inc.*, 29 N.Y.3d 174, 186 (2017).

The text of the NYCHRL similarly does not provide a functional definition of an "employer." N.Y.C. Admin. Code § 8-102; *see Escobar v. Tutor Perini Corp.*, No. 152524/18, 2019 N.Y. Misc. LEXIS 1867, at *16 (Sup. Ct. Apr. 8, 2019). Nonetheless, New York's courts have generally interpreted the NYCHRL to share the same definition of "employer" as the NYSHRL, except to the extent that the employee threshold requirement differs between the laws, which is not relevant here. *Escobar*, 2019 N.Y. Misc. LEXIS 1867 at *16-17 (citing *Griffin*, 29 N.Y.3d at 186)).

Here, the Amended Complaint still does not plead ***any*** of the four requirements set forth by the Appellate Division in *GTE Corp.* and endorsed by the Court of Appeals in *Griffin*. The Amended Complaint fails to allege that SGI: (1) had the power to select or engage Plaintiff's services; (2) paid Plaintiff's wages or salary; (3) had the power to dismiss Plaintiff; and (4) had the power to control Plaintiff's conduct. The failure to plead one of these elements would generally be sufficient to dismiss Plaintiff's claim; the failure to ***plead all four*** is indisputably fatal.

In fact, the Amended Complaint does not even expressly allege that SGI "employed" Plaintiff under the NYSHRL or NYCHRL. There are only a handful of specific references to SGI

and the majority of the Amended Complaint is simply replete with deliberately vague and nebulous references to "Defendants" impermissibly levied generally and collectively. *See, e.g.*, Am. Compl., ¶¶ 2-6, 15-16, 18, 46-48 (D.E. #18). Simply put, Plaintiff has failed to "plead sufficient facts" to establish a "plausible" claim against SGI. *Ying Li*, 246 F. Supp. 3d at 596. Indeed, as Plaintiff alleges to be a lawyer and 20 year employee, *see* Compl. ¶ 15 (D.E. #1), Am. Compl. ¶ 15 (D.E. #18), it is not only implausible but downright inconceivable that he does not know who his employer is. *See Twombly*, 550 U.S. at 570 ("Because the plaintiffs here have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed.").

Plaintiff does not -- because he cannot -- allege that SGI employed him. As a result, all of his claims against SGI fail as a matter of law compelling dismissal of SGI from this case.

## CONCLUSION

For the foregoing reasons, SGI respectfully submits that its motion to dismiss be granted, the Court direct the Clerk to remove SGI as a Defendant in this matter, and grant all further and additional relief as the Court deems justified and necessary.

        Respectfully submitted,

        Joshua S. Bauchner, Esq.
        Rahool Patel, Esq.
        Ansell Grimm & Aaron, P.C.
        *Attorneys for Defendants*

Cc:     Counsel for Plaintiff (via ECF)