**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
**JEFFREY GOLDMAN,**　　　　　　　　　　　**CASE NO. 1:20 CV 06727**

　　　　**Plaintiff,**

　v.

**SOL GOLDMAN INVESTMENTS LLC,**
**SOLIL MANAGEMENT, LLC and JANE H.**
**GOLDMAN,**

　　　　**Defendants.**
-----------------------------------------------------------x

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO**
**DEFENDANT SOL GOODMAN INVESTMENTS LLC'S MOTION TO DISMISS**

JOSEPH & KIRSCHENBAUM LLP
D. Maimon Kirschenbaum
Leah M. Seliger
32 Broadway, Suite 601
New York, NY 10004
212-688-5640

*Attorneys for Plaintiff*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................................ i

I. PRELIMINARY STATEMENT ........................................................................................... 1

II. STATEMENT OF FACTS ..................................................................................................... 2

III. ARGUMENT ............................................................................................................................ 3

   A. SGI's Motion To Dismiss Plaintiff's ADEA Claims Should Be Denied ............................ 4

   B. SGI's Motion To Dismiss The State Law Claims Should Be Denied ................................ 7

     i. The FAC states a claim against SGI because it plausibly alleges that SGI and Solil are a single integrated employer ........................................................................................ 7

     ii. Even if the single integrated employer doctrine did not apply, the FAC pleads that SGI was Plaintiff's employer ........................................................................................ 11

IV. CONCLUSION ...................................................................................................................... 13

# TABLE OF AUTHORITIES

**Cases**

*Arbaugh v. Y & H Corp.,* 546 U.S. 500 (2006)..............................................................................4,5

*Arculeo v. On-Site Sales & Marketing, L.L.C.*, 425 F.3d 193 (2d Cir. 2005)..................7,8

*Arista Records LLC v. Does*, 604 F.3d 110 (2d Cir. 2010) ..............................................4

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ..............................................................................4

*Basile v. Levittown United Teachers*, 17 F. Supp. 3d 195 (E.D.N.Y. 2014) ...................5,6,7

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ......................................................4

*Bouveng v. NYG Capital LLC*, No. 14 CV 5474,
    2015 U.S. Dist. LEXIS 70976 (S.D.N.Y. June 2, 2015)......................................9,10

*Brennan v. G.S.A. Ltd.*, 1999 U.S. Dist. LEXIS 1588 (S.D.N.Y. Feb. 16, 1999)............5

*Brown v. Daikin Am., Inc.*, 756 F.3d 219 (2d Cir. 2014)...................................................8,10

Centeno v. 75 Lenox Realty LLC, No. 14 CV 1916,
    2017 U.S. Dist. LEXIS 50819 (E.D.N.Y. Mar. 31, 2017)...................................10

Centeno v. 75 Lenox Realty LLC, No. 14 CV 1916,
    2017 U.S. Dist. LEXIS 15008 (E.D.N.Y. Feb. 1, 2017).....................................10

*Clinton's Ditch Cooperative Co. v. NLRB*, 788 F.2d 132 (2d Cir. 1985).........................8

*Coley v. Vannguard Urban Improvement Ass'n*, No. 12 CV 5565,
    2016 U.S. Dist. LEXIS 103355 (E.D.N.Y. Aug. 5, 2016)..................................9,11

*Da Silva v. Kinsho Int'l Corp.*, 229 F.3d 358 (2d Cir. 2000) .........................................4,5

*DiFalco v. MSNBC Cable L.L.C.*, 622 F.3d 104 (2d Cir. 2010).....................................6

*Downey v. Adloox*, 238 F. Supp. 3d 514 (S.D.N.Y. 2017) ..............................................5

*Draskovic v. Oneota Assocs., LLC*, No. 17 CV 5085,
    2019 U.S. Dist. LEXIS 28017 (E.D.N.Y. Feb. 21, 2019)...................................10,11

*Dupree v. Union Homesteading Assistance Bd.*, No. 10 CV 1894,
    2011 U.S. Dist. LEXIS 38397 (E.D.N.Y. Apr. 8, 2011) ...................................7

*Escobar v. Tutor Perini Corp.*, No. 152524/2017,
    2019 N.Y. Misc. LEXIS 1867 (N.Y. Sup. Ct. N.Y. County Apr. 8, 2019) .........11

*Felix v. City of New York*, 344 F. Supp. 3d 644 (S.D.N.Y. 2018) ....................................4

*Goel v. Bunge, Ltd.*, 820 F.3d 554 (2d Cir. 2016) ............................................................6

*Griffin v. Sirva, Inc.*, 29 N.Y.3d 174 (2017) ...................................................................11

*Guadagno v. Wallack Ader Levithan Assoc.*, 932 F. Supp. 94 (S.D.N.Y. 1996).............5

*Hayden v. Paterson*, 594 F.3d 150 (2d Cir. 2010) ...........................................................3

*Hexemer v. Gen. Elec. Co.*, No. 12 CV 1808,
    2013 U.S. Dist. LEXIS 129469 (N.D.N.Y. Sept. 11, 2013) ................................12

*In re Argyle Realty Assoc.*, 65 A.D.3d 273 (N.Y. App. Div. 2d Dep't 2009) .................9

*Juarez v. 449 Rest., Inc.*, 29 F. Supp. 3d 363 (S.D.N.Y. 2014) ........................................9

*Lihli Fashions Corp., Inc. v. NLRB*, 80 F.3d 743 (2d Cir. 1996) .....................................8

*Manning v. Erhardt+Leimer, Inc.*, No. 17 CV 348,
    2020 U.S. Dist. LEXIS 25136 (W.D.N.Y. Feb. 7, 2020) .....................................5

*Newsom-Lang v. Warren Int'l*, 129 F. Supp. 2d 662 (S.D.N.Y. 2001)............................5

*NLRB v. 675 West End Owners Corp.,* 304 Fed. Appx. 911 (2d Cir. 2008) ................9,11

*Rogers v. Sugar Tree Prods.*, 7 F.3d 577 (7th Cir. 1993)................................................5

*S. New England Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123 (2d Cir. 2010) ..................3

*Shaver v. Medicom Worldwide, Inc.*, No. 18 CV 5700,
    2018 U.S. Dist. LEXIS 201570 (S.D.N.Y. Nov. 28, 2018) ..................................8

*Shipkevich v. Staten Island Univ. Hosp.*, No. 08 CV 1008,
    2009 U.S. Dist. LEXIS 51011 (E.D.N.Y. June 16, 2009) ..................................12

*State Div. of Human Rights v. GTE Corp.*,
    109 A.D.2d 1082 (N.Y. App. Div. 4th Dep't 1985) ...........................................12

*Turley v. ISG Lackawanna, Inc.,* 744 F.3d 140 (2d Cir. 2014).........................................8

*Zuccarini v. PVH Corp.*, No. 151755/15,
    2016 N.Y. Misc. LEXIS 673 (Sup. Ct. N.Y. County Feb. 29, 2016) ..................8

**Statutes and Rules**

28 U.S.C. § 1331 ............................................................................................................... 3,5

29 U.S.C. § 630 .................................................................................................................... 4

42 U.S.C. § 2000 .................................................................................................................. 4

Fed. R. Civ. P. 12 ..........................................................................................................*passim*

I.  **PRELIMINARY STATEMENT**

Defendant Sol Goldman Investments LLC's ("SGI") motion to dismiss Plaintiff's claims against it should be denied, as each of its arguments ignore clear black-letter law.[1]  SGI's contention under Fed. R. Civ. P. 12(b)(1) that this Court does not have subject matter jurisdiction over Plaintiff's Age Discrimination in Employment Act ("ADEA") claim against it is plainly contrary to Supreme Court and Second Circuit precedent holding that employer status is a substantive, not a jurisdictional, argument.  SGI's motion to dismiss Plaintiff's ADEA claim under Fed. R. Civ. P. 12(b)(6) for failure to state a claim must be denied because it improperly relies solely on documents outside the pleadings that may not be considered on such a motion.

SGI's motion to dismiss the claims brought under the New York State Human Rights Law ("NYSHRL") and New York City Human Rights Law ("NYCHRL") is equally off the mark.  Plaintiff's First Amended Complaint ("FAC," Dkt. No. 18) adequately alleges that SGI was Plaintiff's employer under the NYSHRL and NYCHRL.  SGI admits that Defendant Solil Management, LLC ("Solil," together with SGI, the "Corporate Defendants") was Plaintiff's employer.  The FAC plausibly alleges that the Corporate Defendants together constitute a single, integrated employer.  Specifically, the FAC alleges that the Corporate Defendants have common ownership and management, centralized control of labor relations, and interrelated operations.  The FAC also independently pleads that SGI was Plaintiff's direct employer, irrespective of whether it and Solil were a single, integrated employer, as it alleges that SGI, through the actions of its owner Defendant Jane Goldman ("Defendant Goldman"), had and exercised the power to control the

---

[1] As used herein, "Def.'s Br." refers to SGI's letter brief in support of its motion to dismiss (Dkt. No. 22-1), and "Bauchner Ex." refers to exhibits to the affirmation of Joshua S. Bauchner (Dkt. No. 22-2) submitted in support of SGI's motion.

1

conditions of his employment and terminate his employment. Accordingly, Plaintiff's claims under the ADEA, NYSHRL, and NYCHRL should proceed against SGI.

## II. STATEMENT OF FACTS

Plaintiff Jeffrey Goldman ("Plaintiff") worked for Defendants as an attorney from June 2000 until his termination on June 24, 2020. (FAC ¶¶ 14, 15.) Plaintiff was 69 years old when Defendants terminated his employment. (*Id*. at ¶ 2.) Defendant SGI is an umbrella corporation that owns, operates, and controls a network of corporate entities that own real estate throughout New York City. (*Id*. at ¶¶ 10, 19.) Defendant Solil is a payroll company whose sole purpose is to pay the employees who work for SGI and its subsidiaries and pay those companies' expenditures. (*Id*. at ¶¶ 11, 21.) Plaintiff performed his legal work primarily for SGI, but Solil issued his paychecks. (*Id*. at ¶¶ 11, 15-21.) The Corporate Defendants share an office located at 1185 Sixth Avenue, New York, New York. (*Id*. at ¶¶ 10-11, 36-37.)

Defendant Goldman is a co-owner and operator of SGI and Solil. (*Id*. at ¶ 13.) Along with her brother, Defendant Goldman personally controls the day-to-day business of the Corporate Defendants. (*Id*. at ¶¶ 10, 11, 13.) Defendant Goldman exercises authority over employees of both of the Corporate Defendants. She "controls when, where and how work is done for the Corporate Defendants and has the power to hire and fire employees of the Corporate Defendants." (*Id*. at ¶ 13.) With respect to Plaintiff specifically, she often had the final say as to the actions he took in litigation matters, and she directed Plaintiff's work in her capacity as an owner and operator of SGI. (*Id*. at ¶ 20.)

Defendant Goldman also made the decisions that led to the termination of Plaintiff's employment. Following COVID-19-related office closures in New York City, in June 2020 Defendant Goldman ordered the Corporate Defendants' legal staff, including Plaintiff, to return to

2

work in SGI and Solil's office. (*Id.* at ¶¶ 24-26, 36-37.) When Plaintiff provided Defendants with a letter from a doctor stating that he should not return to the office because of preexisting conditions that made COVID-19 particularly dangerous for him, Defendant Goldman called him and demanded that he return to work in the office. (*Id.* at ¶¶ 31-32, 38, 43.) Defendant Goldman then terminated Plaintiff's employment, giving rise to his claims in this action for unlawful age and disability discrimination under the ADEA, NYSHRL, and NYCHRL. (*Id.* at ¶¶ 44-45.)

### III.  ARGUMENT

28 U.S.C. § 1331 gives federal district courts subject matter jurisdiction over civil claims arising under federal law, providing that "[t]he district courts shall have original jurisdiction of all civil actions arising under the . . . laws . . . of the United States." Where a complaint asserts a claim under federal law, "the district court has subject matter jurisdiction [pursuant to 28 U.S.C. § 1331] unless the purported federal claim is clearly immaterial and made solely for the purpose of obtaining jurisdiction or is wholly insubstantial and frivolous." *S. New England Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 132 (2d Cir. 2010) (internal quotation marks omitted). "[W]hether a plaintiff has pled a jurisdiction-conferring claim is a wholly separate issue from whether the complaint adequately states a legally cognizable claim for relief on the merits." *Id*. A defendant's assertion of a substantive defense has no impact on a district court's subject matter jurisdiction. "[O]nce the court's jurisdiction has been properly invoked in the plaintiff's complaint, the assertion of such a defense is relevant only to whether the plaintiff can make out a successful claim for relief, and not to whether the court has original jurisdiction over the claim itself." *Id*.

In deciding a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a court must "accept all factual allegations in the complaint as true and draw all reasonable inferences in [plaintiffs'] favor." *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010) (alteration

in original, original quotation marks omitted).  To withstand a motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The plausibility standard "'does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal[ity].'"  *Arista Records LLC v. Does*, 604 F.3d 110, 120 (2d Cir. 2010) (quoting *Twombly*, 550 U.S. at 556).  The plausibility "standard does not require that the Plaintiffs make 'detailed factual allegations,' but it 'requires more than labels and conclusions.'"  *Felix v. City of New York*, 344 F. Supp. 3d 644, 652 (S.D.N.Y. 2018) (Nathan, J.) (quoting *Twombly*, 550 U.S. at 555).

### A.  SGI's Motion To Dismiss Plaintiff's ADEA Claims Should Be Denied

SGI classifies its motion to dismiss the ADEA claim primarily as a Fed. R. Civ. P. 12(b)(1) motion to dismiss for lack of subject matter jurisdiction and also asks the Court to dismiss the ADEA claim under Fed. R. Civ. P. 12(b)(6).  (Def.'s Br. at 4-6.)  SGI's Fed. R. Civ. P. 12(b)(1) motion is procedurally improper and ignores clear, binding precedent.  The substantive question of whether SGI was Plaintiff's employer is not a threshold question of subject matter jurisdiction, and SGI's subject matter jurisdiction arguments were soundly rejected by the Supreme Court in *Arbaugh v. Y & H Corp.,* 546 U.S. 500 (2006), and the Second Circuit in *Da Silva v. Kinsho Int'l Corp.*, 229 F.3d 358 (2d Cir. 2000).

*Arbaugh* made clear that the definitions of "employer" in Title VII and, by extension, other civil rights statutes like the ADEA whose definitions of "employer" mirror Title VII's, *compare* 29 U.S.C. § 630(b)[2] *with* 42 U.S.C. § 2000e(b), are not jurisdictional.  In *Arbaugh*, the Supreme

---

[2] In its motion, SGI does not contend that it did not have at least 20 employees.  (Def.'s Br. at 4-6.)  Nor did SGI's first motion to dismiss assert that SGI did not have enough employees to be covered by the ADEA (or NYSHRL or NYCHRL).  (Dkt. No. 14-1.)  In fact, SGI's first motion to dismiss did not seek to dismiss Plaintiff's ADEA claims

4

Court held that the requirement that an employer have 15 employees to be subject to Title VII was not a jurisdictional requirement. Rather, that requirement was an element of the plaintiff's claim. *Arbaugh*, 546 U.S. at 516. Even before *Arbaugh*, the Second Circuit similarly held that Title VII's definition of "employer," which included employing at least 15 employees, was not jurisdictional. *Da Silva*, 229 F.3d at 365-66. SGI nonetheless argues that the W-2 and notice of pay rate it submitted, which identify Solil as Plaintiff's employer (Bauchner Exs. A, B), conclusively show that SGI was not Plaintiff's employer, and therefore this Court has no subject matter jurisdiction over Plaintiff's ADEA claim against SGI. (Def.'s Br. at 5-6.) However, all of the cases that SGI relies on in support of its argument that employer status is an element of subject matter jurisdiction over ADEA claims – *Rogers v. Sugar Tree Prods.*, 7 F.3d 577 (7th Cir. 1993); *Brennan v. G.S.A. Ltd.*, No. 97 CV 6950, 1999 U.S. Dist. LEXIS 1588 (S.D.N.Y. Feb. 16, 1999); *Guadagno v. Wallack Ader Levithan Assoc.*, 932 F. Supp. 94 (S.D.N.Y. 1996) – predate both *Arbaugh* and *Da Silva* and were plainly abrogated by both of those decisions. To be sure, following *Arbaugh and Da Silva*, courts have found that the ADEA's definition of "employer" is a substantive element of a claim, not an issue of subject matter jurisdiction. *See*, *e.g.*, *Manning v. Erhardt+Leimer, Inc.*, No. 17 CV 348, 2020 U.S. Dist. LEXIS 25136, at *6-8 (W.D.N.Y. Feb. 7, 2020); *Downey v. Adloox*, 238 F. Supp. 3d 514, 524 (S.D.N.Y. 2017); *Basile v. Levittown United Teachers*, 17 F. Supp. 3d 195, 206 (E.D.N.Y. 2014); *Newsom-Lang v. Warren Int'l*, 129 F. Supp. 2d 662, 665 (S.D.N.Y. 2001). In short, this Court has subject matter jurisdiction over Plaintiff's ADEA claim pursuant to 28 U.S.C. § 1331 because the claim arises under federal law. Whether SGI was Plaintiff's employer is a substantive issue, not a jurisdictional issue, and there is no legal basis for

---

for any reason. (*Id*.) Nonetheless, if the Court finds that the number of Defendants' employees is at issue, Plaintiff respectfully requests leave to file a second amended complaint in which he will expressly allege that SGI and Solil each had more than 20 employees.

SGI's Fed. R. Civ. P. 12(b)(1) motion. *See Basile*, 17 F. Supp. 3d at 206 ("[T]he employee threshold is not a jurisdictional requirement under the ADEA. Therefore, Defendants have sought dismissal pursuant to Rule 12(b)(1) in error.").

Dismissal of Plaintiff's ADEA claim under Fed. R. Civ. P. 12(b)(6) is also improper. SGI relies solely on the documents outside the pleadings used in support of its Fed. R. Civ. P. 12(b)(1) arguments to ask the Court to dismiss Plaintiff's ADEA claim pursuant to Fed. R. Civ. P. 12(b)(6). (Def.'s Br. at 6.) That is, it asks the Court to find that the W-2 and notice of pay rate it submitted conclusively show that *only* Solil was Plaintiff's employer. However, neither of these documents may be considered on a Fed. R. Civ. P. 12(b)(6) motion, and therefore SGI has provided no basis for a Fed. R. Civ. P. 12(b)(6) dismissal of Plaintiff's ADEA claim.

In deciding a Fed. R. Civ. P. 12(b)(6) motion, "a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, . . . documents incorporated by reference in the complaint[,]" and documents that are "integral" to the complaint. *DiFalco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010). A document is integral to the complaint

> "where the complaint relies heavily upon its terms and effect." Merely mentioning a document in the complaint will not satisfy this standard; indeed, even offering "limited quotation[s]" from the document is not enough. "In most instances where this exception is recognized, the incorporated material is a contract or other legal document containing obligations upon which the plaintiff's complaint stands or falls[.]"

*Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016) (internal citations omitted).

The W-2 and notice of pay rate do not fall into any of these categories. Plaintiff did not attach these documents to his complaint as exhibits, and he did not incorporate them by reference. (*See, generally*, FAC.) Nor are these documents integral to the complaint, as Plaintiff's FAC does not rely on them in any way. (*Id.*) Accordingly, these documents may not be considered on this

6

motion. *E.g.*, *Basile*, 17 F. Supp. 3d at 202. As SGI's sole argument for dismissal of the ADEA claims under Fed. R. Civ. P. 12(b)(6) rests on these documents, that motion should be denied.

It is also worth noting that SGI's substantive argument based on the inadmissible W-2 and notice of pay rate is in any event baseless, as those documents are not dispositive of SGI's employer status. To be sure, SGI cannot cite a single case for the absurd proposition that the entity named on an employee's W-2 form (a decision typically made unilaterally by an employer without an employee's input) is necessarily the employee's *sole* employer under pertinent employment laws. *Cf.*, *Arculeo v. On-Site Sales & Marketing, L.L.C.*, 425 F.3d 193, 198 (2d Cir. 2005) ("[I]n appropriate circumstances, an employee, who is technically employed on the books of one entity, which is deemed to be part of a larger 'single-employer' entity, may impose liability for certain violations of employment law not only on the nominal employer but also on another entity comprising part of the single integrated employer."); *Dupree v. Union Homesteading Assistance Bd.*, No. 10 CV 1894, 2011 U.S. Dist. LEXIS 38397, at *19 (E.D.N.Y. Apr. 8, 2011) ("Defendants cannot escape liability purely because they did not hire [plaintiff] in the first place and did not hand him his paychecks."). Indeed, for the same reasons that, as discussed *infra*, SGI was Plaintiff's employer under the NYSHRL and NYCHRL, it was also Plaintiff's employer under the ADEA.

### B. SGI's Motion To Dismiss The State Law Claims Should Be Denied

#### i. The FAC states a claim against SGI because it plausibly alleges that SGI and Solil are a single integrated employer

The FAC properly pleads that SGI was Plaintiff's employer under the NYSHRL and NYCHRL. SGI concedes that Solil was Plaintiff's employer. (Def.'s Br. at 2.) While Plaintiff's paychecks were issued by Solil, SGI is also liable for all of Plaintiff's claims under the single integrated employer doctrine.

Under the "single integrated employer" doctrine, an employee can "assert employer liability against an entity that is not formally his or her employer." *Arculeo*, 425 F.3d at 197. "A single employer situation exists where two nominally separate entities are actually part of a single integrated enterprise." *Id*. at 198 (quoting *Clinton's Ditch Cooperative Co. v. NLRB*, 788 F.2d 132, 137 (2d Cir. 1985)); *see also Zuccarini v. PVH Corp.*, No. 151755/15, 2016 N.Y. Misc. LEXIS 673, at *3-4 (Sup. Ct. N.Y. County Feb. 29, 2016) ("Under New York law, there are two well-established doctrines – the single and joint employer doctrines – that allow an employee to assert employer liability against an entity that is not formally his or her employer.") (internal quotation marks omitted). The single employer test

> examines the interrelation of operations, common management, centralized control of labor relations, and common ownership. Also relevant are the use of common office facilities and equipment and family connections between or among the various enterprises. . . . Ultimately, single employer status depends on all the circumstances of the case and is characterized by absence of an arm's length relationship found among unintegrated companies.

*Lihli Fashions Corp., Inc. v. NLRB*, 80 F.3d 743, 747 (2d Cir. 1996) (internal quotation marks and citations omitted); *see also Zuccarini*, 2016 N.Y. Misc. LEXIS 673, at *4. "To demonstrate single employer status, not every factor need be present, and no particular factor is controlling." *Lihli Fashions Corp., Inc.*, 80 F.3d at 747. "Whether two related entities are sufficiently integrated to be treated as a single employer is generally a question of fact not suitable to resolution on a motion to dismiss." *Brown v. Daikin Am., Inc.*, 756 F.3d 219, 226 (2d Cir. 2014).

Courts in this Circuit routinely apply the single integrated employer doctrine to claims under the NYSHRL and NYCHRL. *E.g.*, *Turley v. ISG Lackawanna, Inc.*, 744 F.3d 140, 155-56 (2d Cir. 2014) (applying single employer theory to Title VII and NYSHRL claims); *Shaver v. Medicom Worldwide, Inc.*, No. 18 CV 5700, 2018 U.S. Dist. LEXIS 201570, at *12 (S.D.N.Y. Nov. 28, 2018) (applying single employer doctrine to ADEA, NYSHRL and NYCHRL claims).

8

The FAC contains sufficient allegations regarding the single employer factors to adequately plead NYSHRL and NYCHRL claims against SGI. The FAC expressly alleges that the Corporate Defendants have common ownership, financial control, and management. As indicated above, the FAC alleges that Defendant Goldman is an owner of both companies. (FAC ¶¶ 10, 13.) Thus, common ownership is easily satisfied. *See NLRB v. 675 West End Owners Corp.,* 304 Fed. Appx. 911, 913 (2d Cir. 2008); *In re Argyle Realty Assoc.*, 65 A.D.3d 273, 281 (N.Y. App. Div. 2d Dep't 2009). In addition, the Corporate Defendants are commonly managed by Defendant Goldman and her brother, who control the Corporate Defendants' day to day operations, including with respect to financial matters. (FAC ¶¶ 11, 19, 20-21.) *See Juarez v. 449 Rest., Inc.*, 29 F. Supp. 3d 363, 368 (S.D.N.Y. 2014) (Nathan, J.) (finding that complaint pled common management where it alleged that the same individual managed multiple entities).

The FAC also plausibly alleges that the Corporate Defendants have interrelated operations. The FAC alleges that SGI and Solil share an office and are both owned by Defendant Goldman and operated and controlled by Defendant Goldman and her brother. (FAC ¶¶ 10, 11, 13.) *E.g.*, *675 West End Owners Corp.*, 304 Fed. Appx. at 913 (shared office and direction of businesses by same individual reflects interrelated operations); *Bouveng v. NYG Capital LLC*, No. 14 CV 5474, 2015 U.S. Dist. LEXIS 70976, at *22 (S.D.N.Y. June 2, 2015) (corporate defendants had interrelated operations where they shared the same office, had the same highest-ranking executive, and the highest-ranking executive of one defendant gave plaintiff assignments for the other defendant). Further, the FAC alleges that while Plaintiff's payroll was facilitated by Solil, he performed his legal work on behalf of SGI. (FAC ¶¶ 11, 17, 19.) *See Coley v. Vannguard Urban Improvement Ass'n*, No. 12 CV 5565, 2016 U.S. Dist. LEXIS 103355, at *17-18 (E.D.N.Y. Aug. 5, 2016) (finding that complaint pled single employer status where, *inter alia*, it alleged that the

plaintiffs received a paycheck from one company for work performed on behalf of a related company); *see also Brown v. Daikin Am., Inc.,* 756 F3d 219, 227 n.8 (2d Cir. 2014) (finding interrelated operations where one entity required approval of another entity for all significant actions, and where employees of one entity were assigned to work for the other entity); *Bouveng*, 2015 U.S. Dist. LEXIS 70976, at *22 (finding interrelated operations where plaintiff was formally employed by one company but given work assignments for a related company). Indeed, Solil exists for the sole purpose of paying the employees who perform work for SGI and its related companies and paying those companies' bills. (FAC ¶¶ 11, 21.) This is the epitome of interrelated operations. *See Centeno v. 75 Lenox Realty LLC*, No. 14 CV 1916, 2017 U.S. Dist. LEXIS 15008, at *25 (E.D.N.Y. Feb. 1, 2017), *adopted by Centeno,* 2017 U.S. Dist. LEXIS 50819 (E.D.N.Y. Mar. 31, 2017); *see also Draskovic v. Oneota Assocs., LLC*, No. 17 CV 5085, 2019 U.S. Dist. LEXIS 28017, at *2-3, 16 (E.D.N.Y. Feb. 21, 2019) (finding that two commonly-owned companies, one of which owned real estate and the other of which provided administrative service to property owners, including its co-defendant, were a single integrated employer).

The FAC further alleges that the Corporate Defendants have centralized control over labor relations. The FAC alleges that Defendant Goldman is the ultimate decision-maker with respect to all conditions of employment for employees of both Corporate Defendants. (FAC ¶ 13.) Defendant Goldman in fact often directed Plaintiff's substantive work, which he performed for SGI while being paid by Solil; ordered him to work in the Corporate Defendants' shared office; and fired him. (*Id*. at ¶¶ 16, 19-21, 36, 43-45.) This is more than sufficient to establish centralized control of labor relations. *E.g.*, *Bouveng*, 2015 U.S. Dist. LEXIS 70976, at *23 (complaint pled centralized control of labor relations where it alleged that one person was the highest-ranking executive of two companies, that executive assigned plaintiff to work on projects for the company

that defendants contended was not the employer, the plaintiff in fact performed work for that company at the executive's direction, and that executive made the decision to fire plaintiff); *see also 675 West End Owners Corp.*, 304 Fed. Appx. at 913 ("central role" of same individual in several companies established centralized control of labor relations).

For the foregoing reasons, the FAC adequately pleads that the Corporate Defendants were a single integrated employer, such that SGI can be liable for Plaintiff's NYSHRL and NYCHRL claims. *E.g.*, *Draskovic*, 2019 U.S. Dist. LEXIS 28017, at *15-16; *Coley*, 2016 U.S. Dist. LEXIS 103355, at *16-18 (E.D.N.Y. Aug. 5, 2016).

### ii. Even if the single integrated employer doctrine did not apply, the FAC pleads that SGI was Plaintiff's employer

For the reasons discussed *supra*, the FAC adequately pleads that SGI was Plaintiff's employer under the NYSHRL and NYCHRL pursuant to the single integrated employer doctrine. However, the FAC also pleads that SGI independently satisfied the criteria to be a direct employer under those statutes. Under the NYSHRL and NYCHRL, if the single integrated employer doctrine did not apply, a court would consider four factors in determining if SGI was Plaintiff's employer: "(1) the selection and engagement of the servant; (2) the payment of salary or wages; (3) the power of dismissal; and (4) the power of control of the servant's conduct." *Griffin v. Sirva, Inc.*, 29 N.Y.3d 174, 186 (2017) (NYSHRL) (internal quotation marks omitted); *Escobar v. Tutor Perini Corp.*, No. 152524/2017, 2019 N.Y. Misc. LEXIS 1867, at *16-17 (N.Y. Sup. Ct. N.Y. County Apr. 8, 2019) (NYCHRL). The FAC pleads that SGI, largely through the actions of Defendant Goldman, had and exercised the power to direct Plaintiff's work and fire him. This is sufficient to defeat SGI's motion to dismiss.

Plaintiff performed his legal work primarily on behalf of SGI, and Defendant Goldman supervised that work in her capacity as owner and operator of SGI. (FAC ¶¶ 19-20.) Similarly,

11

Defendant Goldman dictated where Plaintiff physically performed his work for SGI. (*Id*. at ¶ 36.) The FAC expressly alleges that Defendant Goldman supervised Plaintiff's work in her capacity as the owner and operator of SGI. (*Id*. at ¶ 20.) Plaintiff's casework was performed on behalf of SGI, and Defendant Goldman's instructions in this regard were likewise given on behalf of SGI, such that SGI had the power to control Plaintiff's conduct. Defendant Goldman's termination of Plaintiff's employment was an extension of the control she exercised over his work on behalf of SGI. Plaintiff performed his work on behalf of SGI, Defendant Goldman wanted him to perform that work in the office, he refused based on his doctor's advice, and so Defendant Goldman fired him. (FAC ¶¶ 19-20, 36-37, 43-45.) The logical – and thus plausible – interpretation of these facts is that Defendant Goldman was acting in her capacity as owner and operator of SGI when she fired Defendant Goldman for not complying with her directives for how to perform work for SGI.

As the FAC has plausibly alleged that SGI controlled Plaintiff's work and had and exercised the power to fire him, it has adequately pled that SGI was Plaintiff's employer, regardless of the applicability of the single integrated employer doctrine. *E.g.*, *Hexemer v. Gen. Elec. Co.*, No. 12 CV 1808, 2013 U.S. Dist. LEXIS 129469, at *25 (N.D.N.Y. Sept. 11, 2013) (finding that plaintiff adequately pled that defendant was an employer under the NYSHRL where she alleged that defendant had the power to fire her and control her work); *Shipkevich v. Staten Island Univ. Hosp.*, No. 08 CV 1008, 2009 U.S. Dist. LEXIS 51011, at *10 (E.D.N.Y. June 16, 2009) (finding that defendant's supervision of plaintiff's work was sufficient to establish employer status under the NYSHRL and NYCHRL); *see also State Div. of Human Rights v. GTE Corp.*, 109 A.D.2d 1082, 1083 (N.Y. App. Div. 4th Dep't 1985) (noting that the right to control is the most significant factor in New York's employer test and finding that entity that controlled petitioner's work was his employer, even though a different entity issued petitioner's paychecks).

## IV. CONCLUSION

For the foregoing reasons, SGI's motion to dismiss should be denied in full.

Dated: New York, New York
January 18, 2021

/s/ D. Maimon Kirschenbaum
D. Maimon Kirschenbaum
Leah M. Seliger
JOSEPH & KIRSCHENBAUM LLP
32 Broadway, Suite 601
New York, NY 10004
212-688-5640

*Attorneys for Plaintiff*