
# ANSELL GRIMM & AARON PC
COUNSELORS AT LAW

1500 LAWRENCE AVENUE
CN7807
OCEAN, NEW JERSEY 07712
732-922-1000
732-922-6161 (FAX)

365 RIFLE CAMP ROAD
WOODLAND PARK, NEW JERSEY 07424
973-247-9000
973-247-9199 (FAX)

214 CARNEGIE CENTER
SUITE 112
PRINCETON, NEW JERSEY 08540
609-751-5551

140 GRAND STREET
SUITE 705
WHITE PLAINS, NEW YORK 10601
800-569-3886

41 UNIVERSITY DRIVE
SUITE 400
NEWTOWN, PENNSYLVANIA 18940
267-757-8792

www.ansellgrimm.com

RICHARD B. ANSELL ‡
PETER S. FALVO, JR.
JAMES G. AARON
PETER B. GRIMM
MITCHELL J. ANSELL
BRIAN E. ANSELL‡
ALLISON ANSELL¤†
MICHAEL V. BENEDETTO
DAVID B. ZOLOTOROFE
DONNA L. MAUL•
RICK BRODSKY•
LAWRENCE H. SHAPIRO•□
ROBERT A. HONECKER, JR. □§
JENNIFER S. KRIMKO
FREDERICK C. RAFFETTO~
JOSHUA S. BAUCHNER•
DAVID J. BYRNE□
ANDREA B. WHITE •·

EDWARD J. AHEARN
JASON S. KLEIN•
MELANIE J. SCROBLE
BARRY M. CAPP•∆
DOUGLAS A. DAVIE•
MARK M. WIECHNIK
ELYSA D. BERGENFELD
RICHARD B. LINDERMAN□
CRAIG D. GOTTILLA•□
KEVIN M.CLARK
KRISTINE M. BERGMAN□
JESSICA T. ZOLOTOROFE
TARA K. WALSH•
RAHOOL PATEL•
NICOLE D. MILLER□
ALFRED M. CASO
ANTHONY J. D'ARTIGLIO•
SETH M. ROSENSTEIN•

COUNSEL
HON. ANTHONY J. MELLACI, JR., J.S.C. (RET)
STACEY R. PATTERSON•
JAMES A. SYLVESTER
ROY W. HIBBERD ∇∆
HON. RAYMOND A. HAYSER, J.T.C. (RET)
KELLY M. CAREY

RETIRED
ROBERT I. ANSELL
LISA GOLDWASSER•

IN MEMORIAM
LEON ANSCHELEWITZ (1929-1986)
MAX M. BARR (1929-1993)
MILTON M. ABRAMOFF (1935-2004)
DAVID K. ANSELL† (1962-2019)

LICENSED ALSO IN:
∆ D.C. ¤ MASS. • N.Y. * WASH.
□ PENN. ~ FLA. ∇ CALIF.

† FELLOW, AMERICAN
ACADEMY OF MATRIMONIAL
LAWYERS

‡ CERTIFIED BY THE SUPREME
COURT OF NEW JERSEY AS A
CIVIL TRIAL ATTORNEY

§ CERTIFIED BY THE SUPREME
COURT OF NEW JERSEY AS A
CRIMINAL TRIAL ATTORNEY

• CERTIFIED BY THE SUPREME
COURT OF NEW JERSEY AS A
MATRIMONIAL LAW ATTORNEY

January 25, 2021

**Via ECF**

Honorable Alison J. Nathan, U.S.D.J.
United States District Court for the
    Southern District of New York
40 Foley Square, Room 2102
New York, New York 10007

      Re:    *Jeffrey M. Goldman v. Sol Goldman Investments LLC, et al.*
               Civil Action No.: 1:20-cv-6727

Dear Judge Nathan:

This firm represents Defendants Sol Goldman Investments LLC ("SGI"), Solil Management, LLC ("Solil"), and Jane H. Goldman (collectively, "Defendants") in the above styled matter. Please accept this letter brief in lieu of a more formal reply brief in further support of SGI's motion to dismiss the Amended Complaint for lack of subject-matter jurisdiction and failure to state a claim upon which relief may be granted, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

**LEGAL ARGUMENT**

Notwithstanding Plaintiff's continuing protestations, SGI was not Plaintiff's "employer" under the ADEA, the NYSHRL, or the NYCHRL and, therefore, the Court lacks subject-matter jurisdiction over SGI and Plaintiff has failed to state a claim against SGI upon which relief can be granted by this Court. In these circumstances, the Court should grant SGI's motion to dismiss as a matter of law.

I. **The ADEA Claim Should Be Dismissed.**

Plaintiff fails in his opposition to meet his burden of establishing subject matter jurisdiction. *See, e.g.*, *Mathirampuzha v. Potter*, 548 F.3d 70, 85 (2d Cir. 2008) ("The burden of demonstrating subject-matter jurisdiction lies with the party asserting it") (citing *Hamm v. United States*, 483 F.3d 135, 137 (2d Cir. 2007)); *Copeland v. Fortis*, 685 F. Supp. 2d 498, 506 (S.D.N.Y. 2010) ("Plaintiffs bear the burden of demonstrating that subject matter jurisdiction exists, and these plaintiffs have not met that burden."); *Saleh v. Holder*, 84 F. Supp. 3d 135, 137 (E.D.N.Y. 2014) ("The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence.") (citing *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005)). Moreover, "[s]ubject matter jurisdiction is a threshold issue and, thus, when a party moves to dismiss under both Rules 12(b)(1) and 12(b)(6), the motion court must address the 12(b)(1) motion first." *Saleh*, 84 F. Supp. at 138.

While making much ado about the Supreme Court's decision in *Arbaugh* (which merely addressed whether the employee numerosity requirement was jurisdictional or substantive), Plaintiff ignores the fact that the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, *et seq.*, only provides federal courts with subject-matter jurisdiction to hear age

discrimination claims filed by an "employee" against their "employer." *See* 29 U.S.C. § 630(f) (defining "employee" as "an individual employed by any employer[.]").

At the risk of repetition, SGI is not Plaintiff's employer -- indeed, SGI has no employees whatsoever. *See* Affidavit of Judy Brener ("Brener Affidavit"), ¶ 2. Of course, if SGI has no employees, then Plaintiff could not have been employed by SGI. *Id.* at ¶ 3. There is nothing in the Federal Rules of Civil Procedure that prohibits the Court from reviewing and considering the Brener Affidavit (or the previously-submitted Bauchner Certification and its attached exhibits) when deciding a Rule 12(b)(1) motion to dismiss. Plaintiff does not contend otherwise. Moreover, the Court has the discretion to review and consider these documents in the context of a Rule 12(b)(6) motion to dismiss, subject to the requirements of Rule 12(d).

Simply put, Solil employed Plaintiff, not SGI. Solil is listed on Plaintiff's W-2 form. Solil is the name listed under the "employer" section of the "Notice and Acknowledgement of Pay Rate and Payday Under Section 195.1 of the New York State Labor Law" that Plaintiff acknowledged receiving and reviewing. Plaintiff has not produced a single document or any evidence which identifies SGI as his employer and simply relies on his bare, self-serving, inexplicable, unfounded assertion that SGI "employed" him ***in addition*** to Solil. Thus, Plaintiff has done ***nothing*** to meet his burden of establishing jurisdiction and the Court is not obliged to, and should not, accept this assertion as true on a Rule 12(b)(1) motion to dismiss. *See Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) ("In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court . . . may refer to evidence outside the pleadings. . . . A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists."). Taking Plaintiff's argument to its illogical conclusion, he could have simply alleged that Solil and IBM and Coca-Cola are all "integrated"

for purposes of serving as his employer and based on that implausible allegation they all should be defendants here.

SGI notes that *Manning v. Erhardt+Leimer, Inc.*, No. 17 CV 348, 2020 U.S. Dist. LEXIS 25136 (W.D.N.Y. Feb. 7, 2020), is distinguishable because that case heavily focused on whether the employer -- a foreign entity -- was subject to the ADEA. Plaintiff's reliance on *Arbaugh v. Y & H Corp.*, 546 U.S. 500 (2006) and *Da Silva v. Kinsho Int'l Corp.*, 229 F.3d 358 (2d Cir. 2000), is misplaced because those cases addressed the employee numerosity requirement of the ADEA, which is not the issue here. The remaining three cases cited by Plaintiff -- *Downey v. Adloox*, 238 F. Supp. 3d 514, 524 (S.D.N.Y. 2017), *Basile v. Levittown United Teachers*, 17 F. Supp. 3d 195, 206 (E.D.N.Y. 2014), and *Newsom-Lang v. Warren Int'l*, 129 F. Supp. 2d 662, 665 (S.D.N.Y. 2001) -- also considered the employee numerosity requirement and, therefore, are not applicable here.

Indeed, the question here is quite different: Does the Court have subject-matter jurisdiction over someone who is not an employer? The answer is clearly "No" and, rather tellingly, **none** of the cases cited by Plaintiff state otherwise. In that same vein, **none** of the cases cited by Plaintiff stand for the proposition that the issue of whether a defendant actually employed Plaintiff is a substantive, rather than jurisdictional, question. Again, Plaintiff has failed to meet his burden of establishing subject matter jurisdiction for his claims against SGI. For the same reasons, he has failed to assert legally plausible claims against SGI as the statute requires it be his employer; which it indisputably is not. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (To defeat a Rule 12(b)(6) motion, the complaint "must plead sufficient facts 'to state a claim to relief that is plausible on its face.'"); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (same).

In these circumstances, the facts compel one and only one conclusion: SGI was not Plaintiff's "employer" under the ADEA. Therefore, the Court must dismiss the Amended Complaint against SGI for both lack of subject-matter jurisdiction and for failure to state a claim upon which relief may be granted, pursuant to Rules 12(b)(1) and 12(b)(6).

## II.     The State Law Claims Also Should Be Dismissed.

Plaintiff also continues to contend that SGI was his employer for purposes of the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 290, *et seq.*, and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code §§ 8-101, *et seq.* Again, this is simply false, regardless of whether Plaintiff attempts to incorrectly portray SGI as a "single integrated employer" or otherwise.

It defies common sense for an entity that has literally zero employees to suddenly have "employees" by some mere tenuous association with another entity. This is particularly odd when Solil has time and again not disputed and, in fact, acknowledged in pleadings filed with this Court, that it employed Plaintiff. Moreover, the Brener Affidavit yet again sets forth the identity of Plaintiff's employer. *See* Brener Affidavit, ¶ 3. This nonsensical obsession with perusing an entity that was -- in fact -- not Plaintiff's employer when ***Plaintiff's actual employer is already a named Defendant in this case*** remains inexplicable.

SGI also disputes Plaintiff's characterization of its Amended Complaint. While Plaintiff may have referred to SGI specifically on a handful of occasions, the vast majority of the Amended Complaint still contains deliberately vague and nebulous references to "Defendants" impermissibly levied generally and collectively. *See, e.g.*, Am. Compl., ¶¶ 2-6, 15-16, 18, 46-48 (D.E. #18). However, Plaintiff does not -- because he cannot -- expressly allege that SGI: (1) had the power to select or engage Plaintiff's services; (2) paid Plaintiff's wages or salary (which

already has been shown to be false); (3) had the power to dismiss Plaintiff; *and* (4) had the power to control Plaintiff's conduct.  As Plaintiff must plausibly allege all four elements, does not allege any of them, and the record evidence already confirms he that SGI did not pay his wages or salary, he simply cannot pursue his claims against SGI as a matter of law.

As such, the Amended Complaint does not satisfy the requirements set forth by the Appellate Division in *State Div. of Human Rights v. GTE Corp.*, 109 A.D.2d 1082, 1083 (N.Y. 4th Dep't. 1985), and endorsed by the New York State Court of Appeals in *Griffin v. Sirva, Inc.*, 29 N.Y.3d 174, 186 (2017).  This pleading failure is insurmountable and requires the Court to grant SGI's motion with prejudice.

## **CONCLUSION**

For the foregoing reasons, SGI respectfully submits that its motion to dismiss be granted, the Court direct the Clerk to remove SGI as a Defendant in this matter, and grant all further and additional relief as the Court deems justified and necessary, including awarding Defendants their reasonable fees and costs attendant to the filing of this Motion.

    Respectfully submitted,

_____
Joshua S. Bauchner, Esq.
Rahool Patel, Esq.
Ansell Grimm & Aaron, P.C.
*Attorneys for Defendants*

Cc:    Counsel for Plaintiff (via ECF)