# JOSEPH & KIRSCHENBAUM LLP
Attorneys at Law

Charles Joseph
D. Maimon Kirschenbaum
Denise Schulman
Josef Nussbaum
Lucas Buzzard

32 Broadway, Suite 601
New York, NY 10004
Phone 212) 688-5640
Fax (212) 688-2548
www.jk-llp.com

April 13, 2021

**VIA ECF**

Hon. Alison J. Nathan
United States District Judge
U. S. District Court
Southern District of New York
40 Foley Square, Room 2102
New York, NY 10007

  **Re:**  *Jeffrey M. Goldman v. Sol Goldman Investments LLC, Solil Management LLC and Jane H. Goldman,* **1:20-cv-6727(AJN)**

Dear Judge Nathan,

  We represent Plaintiff Jeffrey M. Goldman ("Plaintiff") in the above-referenced action. In accordance with Section 1.C of the Court's Individual Practices in Civil Cases, we write to respectfully request that the Court (a) compel Defendants to respond to Plaintiff's discovery requests pursuant to Fed. R. Civ. P. Rule 37, (b) disallow any objections to Plaintiff's discovery requests as untimely, and (c) extend the fact discovery period pursuant to Fed. R. Civ. P. Rule 6 for the limited purpose of allowing Plaintiff to take the depositions he could not take until now because of Defendants' delay in producing responsive documents. The discovery deadline for all fact discovery set by court order (Dkt. No. 16) is April 15, 2021. No previous requests for extensions of the fact discovery period have been made.

  Plaintiff served Defendants with discovery requests on February 5, 2021. Defendants' responses were due March 7, 2021. On March 5, 2021, Defendants' requested a 20-day extension of their deadline until March 27, 2021 to respond to Plaintiff's requests. To date, Defendants have not responded to Plaintiff's discovery requests or produced any documents, nor have they received any extensions to the document production or discovery responses from Plaintiff or the Court. On April 9, 2021, Defendants' counsel wrote in an email that only two of the three Defendants, Defendant Solil Management LLC ("Solil") and Defendant Jane H. Goldman ("Jane Goldman"), intend to provide responses to Plaintiff's interrogatories by "early next week" – long after the March 27, 2021 deadline. Defendants' counsel further stated that document production, again only from Solil and Jane Goldman, "would take longer." Defendants' counsel stated in their April 9, 2021 email that the person gathering Defendants' documents for production had Covid-19 and only recently returned to work. They did not explain why this necessitated a delay

beyond March 27, 2021, why they still had not produced the documents, why they did not respond and/or object to the interrogatories and discovery requests, or when they intend to actually properly respond to Plaintiff's requests. While allowing Plaintiff to believe their responses were imminent and that Plaintiff could complete discovery within the Court-imposed deadline, Defendants simply unilaterally decided to blow off the deadlines and not to respond to the requests in a timely manner. They are simply taking whatever time they feel they need to respond without any regard for the FRCP imposed deadlines and this Court's imposed discovery deadline.

Further, Defendants filed a motion to dismiss Plaintiff's complaint on behalf of Defendant Sol Goldman Investments LLC ("SGI") on November 25, 2020 (Dkt. No. 14). That motion is still pending. Defendants have made clear their intention to withhold SGI's discovery responses until SGI's motion to dismiss is decided. The Court set the discovery schedule subsequent to Defendants' motion to dismiss, indicating clearly that all parties should proceed with the discovery process. Again, Defendants have decided for themselves that they will not be complying with the Court's Order and/or the Court's imposed deadlines.

It is clear that Defendants do not intend to meet the deadline. Defendants, completely unperturbed by this Court's discovery deadline have also not noticed Plaintiff's deposition, or any depositions, despite that Plaintiff fully responded to their discovery requests on April 8, 2021. Thus, we respectfully request that the deadline for all fact discovery be adjourned for 60 days *for the limited purpose* of allowing Plaintiff to conduct depositions. Plaintiff also respectfully requests that the Court compel all Defendants to respond fully to Plaintiff's discovery requests, including requests for production, by April 23, 2021. Any objections Defendants may have to Plaintiff's requests should be deemed waived by Defendants as a result of Defendants failure to respond to discovery requests even after the expiration of their requested extension of time. *See generally* Fed. R. Civ. P. 33(b)(4) (requiring that objections not stated in a timely manner are waived "unless the court, for good cause, excuses the failure").

Finally, per Fed. R. Civ. P. 37(B)(2)(C), we respectfully request that Defendants pay for the attorneys' fees our firm incurred in preparing the instant application. See, e.g, *Worldcom Network Servs., Inc. v. Metro Access, Inc.,* 205 F.R.D. 136, 143 (S.D.N.Y. 2002) (noting that an award of attorneys' fees is the "minimum sanction contemplated by Rule 37 in cases where there has been a failure to comply with a court-ordered discovery obligation").

We thank the Court for its attention to these matters.

Respectfully submitted,
**JOSEPH & KIRSCHENBAUM LLP**

*/s/ D. Maimon Kirschenbaum*
D. Maimon Kirschenbaum
Leah Seliger
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640

cc: All Counsel of Record (via ECF)