

**ANSELL GRIMM & AARON** PC

COUNSELORS AT LAW

1500 LAWRENCE AVENUE
CN7807
OCEAN, NEW JERSEY 07712
732-922-1000
732-922-6161 (FAX)

365 RIFLE CAMP ROAD
WOODLAND PARK, NEW JERSEY 07424
973-247-9000
973-247-9199 (FAX)

214 CARNEGIE CENTER
SUITE 112
PRINCETON, NEW JERSEY 08540
609-751-5551

140 GRAND STREET
SUITE 705
WHITE PLAINS, NEW YORK 10601
800-569-3886

41 UNIVERSITY DRIVE
SUITE 400
NEWTOWN, PENNSYLVANIA 18940
267-757-8792

www.ansellgrimm.com

RICHARD B. ANSELL ‡
PETER S. FALVO, JR.
JAMES G. AARON
PETER B. GRIMM
MITCHELL J. ANSELL
BRIAN E. ANSELL‡
ALLISON ANSELL·†
MICHAEL V. BENEDETTO
DAVID B. ZOLOTOROFE
DONNA L. MAUL•
RICK BRODSKY•
LAWRENCE H. SHAPIRO•≡
ROBERT A. HONECKER, JR.┌§
JENNIFER S. KRIMKO
FREDERICK C. RAFFETTO~
JOSHUA S. BAUCHNER•
DAVID J. BYRNE┌
ANDREA B. WHITE••

EDWARD J. AHEARN
JASON S. KLEIN•
MELANIE J. SCROBLE
BARRY M. CAPP•∆
DOUGLAS A. DAVIE•
MARK M. WIECHNIK
ELYSA D. BERGENFELD
RICHARD B. LINDERMANn
CRAIG D. GOTTILLA•┌┐
KEVIN M. CLARK
KRISTINE M. BERGMANn
JESSICA T. ZOLOTOROFE
TARA K. WALSH•
RAHOOL PATEL•
NICOLE D. MILLER□
ALFRED M. CASO
ANTHONY J. D'ARTIGLIO•
SETH M. ROSENSTEIN•

COUNSEL
HON. ANTHONY J. MELLACI, JR., J.S.C. (RET)
STACEY R. PATTERSON•
JAMES A. SYLVESTER
ROY W. HIBBERD ▽∧
HON. RAYMOND A. HAYSER, J.T.C. (RET)
KELLY M. CAREY

RETIRED
ROBERT I. ANSELL
LISA GOLDWASSER•

IN MEMORIAM
LEON ANSCHELEWITZ (1929-1986)
MAX M. BARR (1929-1993)
MILTON M. ABRAMOFF (1935-2004)
DAVID K. ANSELL† (1962-2019)

LICENSED ALSO IN
∧ D.C. ⌐ MASS. • N.Y • WASH.
┌ PENN. ~ FLA ∨ CALIF

† FELLOW, AMERICAN
ACADEMY OF MATRIMONIAL
LAWYERS

‡ CERTIFIED BY THE SUPREME
COURT OF NEW JERSEY AS A
CIVIL TRIAL ATTORNEY

§ CERTIFIED BY THE SUPREME
COURT OF NEW JERSEY AS A
CRIMINAL TRIAL ATTORNEY

• CERTIFIED BY THE SUPREME
COURT OF NEW JERSEY AS A
MATRIMONIAL LAW ATTORNEY

April 15, 2021

**Via ECF**

Honorable Alison J. Nathan, U.S.D.J.
United States District Court for the
   Southern District of New York
40 Foley Square, Room 2102
New York, New York 10007

    Re:    *Jeffrey M. Goldman v. Sol Goldman Investments LLC, et al.*
            Civil Action No.: 1:20-cv-6727

            Letter Motion to Extend Discovery Deadlines and in Response to Letter Motion
            filed by Plaintiff

Dear Judge Nathan:

      This firm represents Defendants Sol Goldman Investments LLC ("SGI"), Solil Management, LLC ("Solil"), and Jane H. Goldman (collectively, "Defendants") in the above-styled matter. Pursuant to sections 1.C and 1.D of Your Honor's Individual Rules of Practice, please accept this letter motion to extend the current discovery deadlines set forth in the Court's December 4, 2020 Case Management Order ("CMO") by ninety (90) days for all purposes and parties, and to respond to the letter motion filed by Plaintiff Jeffrey M. Goldman ("Plaintiff"). At the present time, fact discovery in this case was supposed to conclude by April 15, 2021, but, for the reasons that follow, a ninety day (90) extension for all purposes is necessary.

      First, SGI's motion to dismiss the Amended Complaint for lack of subject-matter jurisdiction and for failure to state a claim upon which relief may be granted, pursuant to F.R.C.P. 12(b)(1) and 12(b)(6), is currently pending. It would be inequitable for a party that is seeking to dismiss a case, particularly on the basis of lack of subject-matter jurisdiction, to be forced to participate in discovery. To that end, we informed counsel for Plaintiff that we would provide answers to their discovery requests on behalf of Solil and Jane Goldman, but not SGI which is

challenging jurisdiction. Contrary to the assertion of Plaintiff's counsel, we did not simply "unilaterally decide to blow off the deadlines." If the Court denies our motion, we will, of course, comply with the Court's decision and provide discovery on behalf of SGI in accordance with the Federal Rules of Civil Procedure. Alternatively, if the Court requires SGI to provide discovery responses during any extended period of discovery notwithstanding the pending motion to dismiss, we will again comply.

Second, we regret the delay in answering Plaintiff's document requests on behalf of Solil and Jane Goldman. The delay arose from the expansive demands propounded by Plaintiff and as a result of the person tasked with collecting the documents being diagnosed with COVID-19. As a result, the individual was sick and unable to work for several weeks and this process ground to a halt. While we attempted to transfer the responsibility to another individual, the person who became ill runs the Information Technology Department and is uniquely positioned to collect the voluminous, electronically stored information requested by Plaintiff. The individual is now back at work and we are working expeditiously to prepare these documents for production. We also note that the bulk of the discovery process to date has occurred during the "third wave" of the COVID-19 pandemic that swept across the United States this winter.

Indeed, we informed Plaintiff's counsel in an email dated April 9, 2021, that "[t]he document production will take longer -- unfortunately, the individual gathering the documents was ill with COVID-19 and only recently returned to work." Plaintiff's counsel did not respond to the email and instead filed a letter motion seeking to extend discovery for the limited purpose of taking the depositions he sought and precluding us from engaging in any further discovery. It is disappointing, to say the least, that counsel refuses to extend the professional courtesy of an extension in light of these facts and now seeks to punish Defendants because this individual became ill.

Third, the answers to Plaintiff's interrogatories on behalf of Solil and Jane Goldman will be provided to Plaintiff no later than this Monday, April 19, 2021 -- just two business days after the current discovery end-date.

Fourth, Plaintiff commenced a multimillion dollar employment litigation and propounded a multitude of demands requiring significant time to formulate a response -- indeed, we are confident that if the responses were deficient in any way Plaintiff would further complain to this Court. Notably, no extensions have been granted and, as issue has not even joined, a reasonable extension of time as that requested normally would be resolved on consent.

Finally, we contend that there is no basis for an award of attorney's fees to Plaintiff's counsel under F.R.C.P. 37(B)(2)(C) in light of the circumstances present here. The delay in answering Plaintiff's discovery requests was based on the pending motion to dismiss with respect to SGI and circumstances outside of counsel's control (COVID-19) with respect to Solil and Jane Goldman.

In short, we would ask the Court to extend the deadline for fact discovery by ninety (90) days from April 15, 2021 to July 14, 2021. Unlike Plaintiff, we request that any discovery extension be for all purposes. We again note that no previous requests for an extension of

A commitment to excellence. A commitment to people. Since 1929.

086874.000058.71498192

discovery (apart from Plaintiff's pending letter motion) have been made or granted. A proposed revised Case Management Order as required by 1.D of Your Honor's individual rules of practice is enclosed.

          Respectfully submitted,

          Joshua S. Bauchner, Esq.
          Ansell Grimm & Aaron, P.C.
          *Attorneys for Defendants*

Cc:    Counsel for Plaintiff (via ECF)

A commitment to excellence. A commitment to people. Since 1929.

086874.000058.71498192

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
               :
**Jeffrey M. Goldman**               :
               :    1:20 Civ. 6727 (AJN)
            Plaintiff(s),  :
-v-               :
Sol Goldman Investments LLC, Solil Management LLC, and Jane H. Goldman. :    **CIVIL CASE**
               :    **MANAGEMENT PLAN**
           Defendant(s).    :    **AND SCHEDULING**
               :    **ORDER**
               :
------------------------------------------------------------------X

This Civil Case Management Plan (the "Plan") is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1. All parties [consent ☐ / do not consent ☑] to conducting all further proceedings before a United States Magistrate Judge, including motions and trial pursuant to 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences.
    [If all parties consent, the remaining paragraphs need not be completed.]

2. Settlement discussions [have ☐ / have not ☑] taken place.

3. The parties [have ☐ / have not ☑] conferred pursuant to Fed. R. Civ. P. 26(f).

4. **[For F.L.S.A. actions only]**

    The plaintiff(s) [do ☐ / do not ☐] anticipate moving for conditional certification of this case as a collective action.

    The defendant(s) [will ☐ / will not ☐] stipulate to conditional certification.

    [If defendant(s) will not stipulate to conditional certification:]

        Proposed briefing schedule:

            Opening: _____

            Opposition: _____

            Reply: _____

    [Opening brief to be filed no later than 30 days from the date of the initial pretrial conference; full briefing to be completed within 30 days of the opening brief]

1

5. Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion to amend or to join additional parties shall be filed within __30__ days from the date of this Order. [Absent exceptional circumstances, choose a date not more than thirty (30) days following the initial pretrial conference.]

6. Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than __14__ days from the date of this Order. [Absent exceptional circumstances, a date not more than fourteen (14) days following the initial pretrial conference.]

7. All fact discovery is to be completed no later than __July 14, 2021__. [A date not more than 120 days following the initial pretrial conference, unless the Court finds that the case presents unique complexities or other exceptional circumstances.]

8. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the parties on consent without application to the Court, provided that the parties meet the deadline for completing fact discovery set forth in ¶ 7 above.

    a. Initial requests for production of documents shall be served by __January 15, 2021__.

    b. Interrogatories shall be served by __January 15, 2021__.

    c. Depositions shall be completed by __July 14, 2021__.

    d. Requests to admit shall be served by __January 15, 2021__.

9. All expert discovery, including disclosure of expert reports, production of underlying documents, and depositions shall be completed by __September 1, 2021__. [Absent exceptional circumstances, a date forty-five (45) days from the completion of fact discovery].

10. All motions and applications shall be governed by the Court's Individual Rules.

11. All counsel must meet in person for at least one hour to discuss settlement within fourteen (14) days following the close of fact discovery.

2

12. Counsel for the parties propose the following alternative dispute resolution mechanism(s) for this case:

    a. [✔] Referral to a Magistrate Judge for a settlement conference.

    b. [✔] Referral to the Southern District's Mediation Program.

    c. [ ] Retention of a private mediator.

    The parties seek the above-noted referral [now [ ] / at a later date [✔] ].

    Unless otherwise ordered by the Court, settlement discussions do not stay or modify any date in this Order.

    [If the parties seek the above-noted referral at a later date:]

    Counsel for the parties will submit a letter by **July 30, 2021** seeking the referral.

13. Summary Judgment and *Daubert* motions are to be filed within 30 days of the close of all discovery. Absent good cause, the Court will not ordinarily have summary judgment practice in a non-jury case.

14. Unless otherwise ordered by the Court, within forty (40) days of the close of all discovery, or, if a dispositive motion has been filed, within fourteen (14) days of a decision on such motion, the parties file via ECF a Joint Pretrial Report prepared in accordance with the Court's Individual Practices and Fed. R. Civ. P. 26(a)(3). Any motions *in limine* shall be filed via ECF at the same time that the a Joint Pretrial Report is filed. If this action is to be tried before a jury, proposed *voir dire*, jury instructions, and a verdict form shall also be filed at the same time as the Joint Pretrial Report.

15. The parties shall be ready for trial within two weeks of filing the Joint Pretrial Report.

16. This case [is [✔] / is not [ ] ] to be tried to a jury.

17. Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Fed. R. Civ. P. 26(f)(3), are set forth below.

    _____

    _____

    _____

    _____

3

Counsel for the Parties:

_____   **Joshua S. Bauchner, Esq.**
_____

_____   **Ansell Grimm & Aaron, P.C.**
_____

_____   **Counsel for all Defendants**
_____

Except for the dates contained in ¶ 8 above, this Order may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Any application to modify or extend the dates herein shall be made in a written application in accordance with Court's Individual Rules and shall be made no fewer than two (2) business days prior to the expiration of the date sought to be extended. Absent exceptional circumstances, extensions will not be granted after deadlines have already passed. Ongoing settlement discussions do not extend any date herein unless expressly ordered by the Court.

The next Case Management Conference is scheduled for _____ at _____.

SO ORDERED.

Dated: _____                    _____
New York, New York                                         JUDGE ALISON J. NATHAN
                                                              United States District Judge

4