JOSEPH & KIRSCHENBAUM LLP
Attorneys at Law

Charles Joseph
D. Maimon Kirschenbaum
Denise Schulman
Josef Nussbaum
Lucas C. Buzzard

32 Broadway, Suite 601
New York, NY 10004
Phone (212) 688-5640
Fax (212) 688-2548
www.jk-llp.com

July 22, 2021

**VIA EMAIL**

Hon. Debra Freeman
United States District Judge
U. S. District Court for the Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

      Re: *Goldman v. Sol Goldman Investments LLC, et al.*
        Case No. 1:20 cv 6727

Dear Judge Freeman:

  We represent the Plaintiff in the above-referenced action. I write to respond to Defendants' letter to the Court dated July 20, 2021 requesting that Plaintiff provide them with a HIPAA release form for his medical records. We also respectfully request that Defendants, who are blatantly refusing to produce their clients for noticed depositions or to provide alternate dates, be required to produce their clients for deposition. We have conferred in good faith with Defendants' counsel about these issues by email and by telephone, but we have been unable to reach a resolution.

 **I.** **Plaintiff's HIPAA release**

  Defendants are not entitled to a HIPAA release from Plaintiff. We have clarified to Defendants numerous times that our office sent Plaintiff's medical providers HIPAA releases and turned over to Defendants exactly what we received *in its entirety*. Although at an earlier stage of this litigation, we indicated that we may withhold documents we thought would be irrelevant or nonresponsive, we did not in fact withhold any documents. Rather, we produced *all* of the medical records produced by Plaintiff's medical providers.

  Defendants' letter raises a question as to why the records did not include Plaintiff's doctor's letter regarding Plaintiff's need for an accommodation. However, that letter has already been produced to Defendants in discovery. In any event, we do not know why Plaintiff's doctor did not include the letter in Plaintiff's medical file. However, given that Plaintiff's doctor did not include the letter in the medical records produced in response to the HIPAA release sent by Plaintiff's counsel, the result would have been the same if Defendants had served the exact same HIPAA release on Plaintiff's doctor. Moreover, the doctor's letter in question states simply that Plaintiff has "underlying conditions" that in June 2020, the height of the COVID pandemic in New York,

put him at risk if he worked on site at Defendants' office, and Defendants do not deny receiving this letter in June 2020.

In light of Plaintiff's production of the entire requested medical file, it is baffling that Defendants' continue to request that file (which has in fact been produced and is now in Defendants' possession) and insist on a HIPAA release to obtain documents they already have. Defendants' request is all the more curious given that they have never claimed that they fired Plaintiff because they believed Plaintiff's doctor was lying about his medical condition.

Finally, as Plaintiff has produced his entire medical file, Defendants are simply not entitled to a HIPAA rlease.  Not surprisingly, Defendants cite no authority that they are entitled to HIPAA releases when Plaintiff has produced his entire medical file. *See*, *e.g., Sabic v. Franklin Covey Prods., LLC*, No. 2:10cv343, 2010 U.S. Dist. LEXIS 112983 (D. Utah Oct. 22, 2010) (declining to require a HIPAA release where plaintiff produced records in their entirety); *Harrold v. BMW Fin. Servs. NA, LLC*, No. 2:09-cv-01100, 2011 U.S. Dist. LEXIS 18687, at *5-6 (S.D. Ohio Feb. 10, 2011) ("Under the circumstances of this case, the Court finds that Defendant's Motion to Compel [HIPAA releases] is without merit. The Court agrees that Plaintiff's production of all his medical records renders Defendant's arguments moot.").

## II.     Defendants' depositions

On July 7, 2021, we noticed the depositions of all three Defendants and witness Judith Brener for August 3 and August 4, 2021.  We invited Defendants to give us alternate dates for the witnesses, provided that they were before August 17, 2021.  As Your Honor entered a protected order on June 17, 2021, and on April 29, 2021 the parties agreed that discovery would close 60 days after entry of a protective order, August 17, 2021 is the discovery deadline.

Without explanation, Defendants refuse to produce their witnesses on the dates noticed or to provide alternate dates, despite numerous follow-up requests by Plaintiff.  Defendants appear to be taking the position that they do not have to produce witnesses because of the dispute regarding Plaintiff's HIPAA release.  If that is their position, it is of course preposterous.  Plaintiff's HIPAA release has nothing to do with Defendants' depositons, and Defendants cannot unilaterally decide to punish him by refusing to attend depositions in accordance with Federal Rules of Civil Procedure and the discovery deadline they joined in submitting to the Court.   Accordingly, we respectfully ask that the Court require Defendants to produce their witnesses on the dates noticed or to provide alternate dates that are before the August 17, 2021 deadline.

This is not the first time that Plaintiff has had to seek Court intervention with respect to Defendants' simple refusal to produce discovery in a timely manner.  On April 13, 2021, the undersigned requested by letter the Court's intervention with respect to Defedants' unilateral decision not respond to paper discovery in a timely manner. The Court held a Conference on April 22, 2021 and Ordered Defendants to produce the requested information and to commit to a deposition deadline, which deadline they now appear to be ignoring as well.   In light of Defendants' repeated flouting of their discovery obligation, we respectfully request that Defendants and/or their counsel at the very least be required to pay for Plaintiff's fees in seeking the instant relief, *i.e.*, that Defendants be required to produce their witnesses as noticed. F.R.C.P.

§ 37(a)(5) ("the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion  require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees…").

    We thank the Court for its consideration of this matter.

                                    Respectfully submitted,

                                    Joseph & Kirschenbaum LLP

                                    */s/D. Maimon Kirschenbaum*
                                    D. Maimon Kirschenbaum

cc: All counsel (via ECF)