USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/14/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Goldman,<br><br>　　　　　　　　　Plaintiff,<br><br>　　　–v–<br><br>Sol Goldman Investments, LLC, *et al.*,<br><br>　　　　　　　　　Defendants. | 20-cv-06727 (AJN)<br><br>MEMORANDUM<br>OPINION & ORDER |

ALISON J. NATHAN, District Judge:

　　Plaintiff brings claims under federal and state labor laws against Defendants for employment discrimination on the basis of age and disability and for retaliation. Defendants filed a partial motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) on the grounds that Defendant Sol Goldman Investments (SGI) is not Plaintiff's employer. For the reasons that follow, Defendants' motion is DENIED.

**I.　BACKGROUND**

　　**A.　Factual Summary**

　　The following facts are drawn from Plaintiff's First Amended Complaint and assumed to be true for purposes of this motion. Defendant Sol Goldman Investments (SGI) is an umbrella company that manages a network of commercial and residential real estate properties in New York City. Dkt. No. 1 ¶ 10. Defendant Solil Management LLC is a payroll company that was set up to pay the salaries for the employees of SGI and SGI's real estate properties. *Id.* ¶ 11. Along with her brother Allen H. Goldman, Defendant Jane Goldman is a co-owner of both companies and controls their day-to-day management. *Id.* ¶ 13.

1

Plaintiff Jeffrey M. Goldman is an attorney who worked for Defendants for 20 years prior to his termination at age 69. Dkt. No. 1 ¶ 2-3. Plaintiff's job was to provide a wide array of legal services related to the management of Defendants' real estate properties. *Id.* ¶ 17. After the Covid-19 pandemic hit New York City in March of 2020, Plaintiff began working remotely from his home. *Id.* ¶ 24-26. Shortly thereafter, Defendant Goldman announced that all staff would be required to return to work in the office by June 22, 2020. *Id.* ¶ 32. Because of Plaintiff's age and underlying health conditions, Plaintiff was especially at risk for suffering serious complications if he were to contract the virus. *Id.* ¶ 34. Plaintiff provided Defendant Goldman with a doctor's note stating that he should not return to the office, but Defendant Goldman still insisted. *Id.* ¶¶ 34, 39. Plaintiff declined to return to working at the office in line with his doctor's advice. *Id.* ¶ 40. Despite the fact that the vast majority of court proceedings were being conducted remotely and that Plaintiff continued to produce high quality work for Defendants from home, Defendant Goldman terminated Plaintiff on June 24, 2020. Dkt. No. 34-37, 44.

### B. Procedural History

On August 21, 2020, Plaintiff filed a complaint against Defendants alleging claims for employment discrimination based on age and disability and for retaliation under the Age Discrimination in Employment Act ("ADEA"), the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL"). Dkt. No. 1. After Defendants filed a motion to dismiss, Plaintiff amended his complaint. Dkt. Nos. 14, 18. Defendants again filed a partial motion to dismiss, arguing only that Defendant SGI is not Plaintiff's employer and therefore Plaintiff's claims against SGI must be dismissed under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Dkt. No. 22.

2

## II. DISCUSSION

The sole aim of Defendants' motion is to dismiss Plaintiff's claims against SGI because, according to Defendants, SGI was not Plaintiff's employer. Defendants argue that dismissal of SGI as a defendant is appropriate under both 12(b)(1) and 12(b)(6). As described below, Defendants' motion is not properly brought pursuant to Fed. R. Civ. P. 12(b)(1), and Defendants are incorrect that Plaintiff has failed to plausibly allege that Defendant SGI is his employer.

### A. Motion to Dismiss for Lack of Subject Matter Jurisdiction Under Federal Rule of Civil Procedure 12(b)(1)

Defendants move to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), which requires the Court to dismiss for lack of subject matter jurisdiction if the Court determines that it lacks the constitutional or statutory power to adjudicate the case. *See Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). According to Defendants, the Court lacks subject matter jurisdiction to entertain an ADEA claim "when a claimant sues an entity that never employed him." Dkt. No. 22-1 at 5. In other words – whether a defendant is a plaintiff's "employer" for purposes of an ADEA claim is jurisdictional requirement.

Courts generally have subject matter jurisdiction over federal causes of action pursuant to 18 U.S.C. § 1331, so long as the claim is "colorab[ly] plead[.]" *Da Silva v. Kinsho Int'l Corp.*, 229 F.3d 358, 363 (2d Cir. 2000) (citing *Bell v. Hood*, 327 U.S. 678, 681-82 (1946)). Additionally, Congress can impose jurisdictional limitations on federal causes of action, such as amount in controversy requirements or limitations on which kinds of plaintiffs can sue. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 515 n.11 (2006); *Da Silva v. Kinsho Int'l Corp.*, 229 F.3d 358, 363 (2d Cir. 2000). Courts must be careful, however, not to "conflate" a requirement going to the merits of a claim with a threshold requirement for the Court to assert jurisdiction over that

3

claim.  *See Arbaugh v. Y&H Corp.,* 546 U.S. 500, 511 (2006).  To resolve whether an issue goes to the merits or to subject matter jurisdiction, the Court must look to the language of the statute to determine whether Congress intended "that a threshold limitation on a statute's scope shall count as jurisdictional." *Arbaugh*, 546 U.S. at 515.  Further, courts should also consider the potential "consequences" of treating a limitation as jurisdictional.  *Da Silva*, 229 F.3d at 365.  Because courts are obliged to assure themselves of their jurisdiction independently before considering the merits of a claim, "the institutional requirements of a judicial system weigh in favor of narrowing the number of facts or circumstances that determine subject matter jurisdiction."  *Id.*

There is no basis to hold that the "employer" element of an ADEA claim is jurisdictional.  While the Second Circuit has not addressed the issue with respect to the ADEA specifically, the Circuit held in *Da Silva* that the issue of whether two defendants acted as plaintiff's "employer" for the purposes of plaintiff's Title VII claim was not jurisdictional.  *See Da Silva*, 229 F.3d at 365.  The reasoning of *Da Silva* applies to the ADEA with equal force.  Substantively, the jurisdiction conferring provisions of ADEA and Title VII are highly similar, *compare* 42 U.S.C. § 2000e–5(f)(3) *and* 42 U.S.C. § 626(c), and there is nothing in the text of either provision to support that Congress had intended for the employer requirement to be jurisdictional.  The Court therefore declines to hold that Plaintiff's burden to demonstrate that the defendant is an "employer" under the ADEA is jurisdictional.  *Accord Downey v. Adloox Inc.,* 238 F. Supp. 3d 514, 524 (S.D.N.Y. 2017) (holding that the employee-numerosity requirement in the ADEA is not jurisdictional); *Newsom-Lang v. Warren Intern.*, 129 F. Supp. 2d 662, 664-65 (S.D.N.Y. 2001) (same).

Defendants challenge to Plaintiff's complaint is properly considered as one for failure to state a claim, not for lack of subject matter jurisdiction.

### B. Motion to Dismiss for Failure to State a Claim under 12(b)(6)

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. A plaintiff is not required to provide "detailed factual allegations" in the complaint. *Twombly*, 550 U.S. at 555. To survive a 12(b)(6) motion, however, a plaintiff must nonetheless assert "more than labels and conclusions." *Id*. Ultimately, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id*. When applying this standard, a Court must accept the allegations in the complaint as true and draw all reasonable inferences in the non-movant's favor. *See ATSI Communs, Inc. v. Shaar Fund, Ltd*., 493 F.3d 87, 98 (2d Cir. 2007).

Defendants move to dismiss Plaintiffs' ADEA, NYSHRL, and NYCHRL claims on the grounds that "Solil employed Plaintiff, not SGI." Dkt. No. 29 at 3. Defendants claim that SGI has "no" employees and that Solil is listed as Plaintiff's employer on his W-2 and other employment related documents, which Defendants attach as exhibits to their motion. *Id.* Plaintiff argues in response that he has plausibly alleged that both SGI and Solil were his employer under the "single integrated employer" theory.

The "single integrated employer" theory provides that "two nominally separate entities" can constitute a "single integrated enterprise" for the purposes of employment law liability. *Arculeo v. On-Site Sales & Mktg., LLC*, 425 F.3d 193, 198 (2d Cir. 2005) (citation omitted). A

5

common example is where two "separate corporations [are] under common ownership and management." *Id.* The Second Circuit has applied the single integrated employer theory to claims asserted under Title VII and the NYSHRL. *See id.*; *Brown v. Daikin Am. Inc.*, 756 F.3d 219, 225 (2d Cir. 2014). Given the similarities in the standards for employment discrimination claims between those statutes and the ADEA and NYCHRL, courts in this district have applied the single integrated employer doctrine to ADEA and NYCHRL claims as well. *See Shaver v. Medicom Worldwide, Inc.*, No. 18CV5700(DLC), 2018 WL 6200042, at *5 (S.D.N.Y. Nov. 28, 2018); *Downey*, 238 F. Supp. 3d at 524; *McHenry v. Fox News Network*, LLC, 510 F. Supp. 3d 51, 81 (S.D.N.Y. 2020); *Shukla v. Viacom Inc.*, No. 18 CIV. 3522 (PAE), 2019 WL 1932568, at *6 (S.D.N.Y. May 1, 2019).

In order to plausibly allege that two entities were a single integrated employer, a plaintiff must provide sufficient factual allegations supporting application of the doctrine. "Four factors are considered: '(1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial support.'" *Lima v. Addeco*, 634 F. Supp. 2d 394, 400 (S.D.N.Y. 2009), *aff'd sub nom. Lima v. Adecco &/or Platform Learning*, Inc., 375 F. App'x 54 (2d Cir. 2010) (citation omitted). "The most essential factor is the second." *Darden v. DaimlerChrysler N. Am. Holding Corp.*, 191 F. Supp. 2d 382, 395-96 (S.D.N.Y. 2002). "[T]he central question is what entity made the final decisions regarding employment matters related to the person claiming discrimination?" *Brown v. Daikin Am. Inc.*, 756 F.3d 219, 227 (2d Cir. 2014) (cleaned up).

Plaintiff has plausibly alleged facts that, if true, could demonstrate that SGI and Solil were a single integrated employer. Plaintiff alleges that his job as an attorney was to provide legal services with respect to these hundreds of commercial and real estate properties managed

by SGI.  Solil, according to Plaintiff, did not own or manage any of these properties, or generate any revenue of its own.  To the contrary, Plaintiff alleges the entity was created *solely* to handle payroll functions and pay the salaries for individuals who work for SGI, including Plaintiff.  These allegations, accepted as true for the purposes of this motion, could demonstrate that SGI and Solil were inextricably intertwined in terms of functional operations.  Moreover, Plaintiff has also plausibly alleged common ownership and management.  Both companies, Plaintiff alleges, are co-owned and controlled by the same individual, Defendant Jane Goldman.  Plaintiff alleges that she "directs" and "personally controls" the day-to-day operations of both SGI and Solil, that she assigned and supervised Plaintiff's work, and that she had the power to hire and fire employees, including ultimately firing Plaintiff.  That is sufficient to demonstrate that labor relations for both entities were centrally controlled.  Plaintiff has therefore plausibly alleged that both companies were a single integrated employer for the purposes of his ADEA, NYSHRL, and NYCHRL claims.

    The exhibits attached to Defendants' motion, namely Plaintiffs' W-2 and other employment related forms to their motion, do not change the Court's conclusion.  As an initial matter, the Court is not permitted to consider these documents.  Upon a motion to dismiss, courts must only consider the complaint and documents attached to the complaint, *unless* any extrinsic documents have been incorporated by reference.  *See DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010).  Defendants correctly decline to make that argument here.  However, they do argue that these documents are properly considered pursuant to Fed. R. Civ. P. 12(b)(1), which permits courts to consider evidence outside the pleadings in assessing whether subject matter jurisdiction exists.  *See Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).  But as the Court has already explained above, the issue of whether SGI was Plaintiff's employer is

not jurisdictional.  Additionally, Defendants make passing mention in their reply brief to Federal Rule of Civil Procedure 12(d), which permits the court to convert a 12(b)(6) motion to a motion for summary judgment when presented with matters outside of the pleadings.  *Hernandez v. Coffey*, 582 F.3d 303, 307 (2d Cir. 2009).   The Court will not exercise its discretion to convert the motion to one for summary judgment because whether SGI is Plaintiff's employer is a highly fact-intensive question and Plaintiff has not yet had an opportunity conduct discovery and present his own evidence.  *See Timperio v. Bronx-Lebanon Hosp. Ctr.,* 384 F. Supp. 3d 425, 430 (S.D.N.Y. 2019).

More importantly, even if the Court was permitted to consider these documents, they are by no means dispositive of whether SGI is Plaintiff's employer of the purposes of the ADEA, NYSHRL, and NYCHRL.  As discussed above, whether SGI and Solil are a single integrated employer is a highly fact intensive question that must be decided based on a "flexible four-part test" that assesses "the degree of interrelationship between the two entities" and the level of functional control they exercise over Plaintiff's working conditions.  *Cook v. Arrowsmith Shelburne, Inc.*, 69 F.3d 1235, 1240 (2d Cir. 1995). The inquiry therefore turns on the substantive realities of the relationship between Solil, SGI, and Plaintiff, not on formalistic distinctions such as whose name was on Plaintiff's W-2. *See Lima*, 634 F. Supp. 2d at 399, *aff'd sub nom.* 375 F. App'x 54 (2d Cir. 2010) (the "'common-law element of control is the principal guidepost that should be followed' when determining whether employment relationship exists.") (citing *Gulino v. New York State Educ. Dep't*, 460 F.3d 361, 371-72 (2d Cir. 2006)).

Therefore, the Court holds that Plaintiff has plausibly alleged that SGI and Solil were a single integrated employer and denies Defendants' motion to dismiss for failure to state a claim.

## III. CONCLUSION

For the reasons stated above, Defendants' motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) is DENIED. This resolves Dkt. Nos. 14, 22. The Court has scheduled a conference for September 17, 2021 on the status of the parties' discovery.

SO ORDERED.

Dated: September 14, 2021
New York, New York

ALISON J. NATHAN
United States District Judge