# AG&A | ANSELL GRIMM & AARON PC
COUNSELORS AT LAW

1500 LAWRENCE AVENUE
CN7807
OCEAN, NEW JERSEY 07712
732-922-1000
732-922-6161 (FAX)

365 RIFLE CAMP ROAD
WOODLAND PARK, NEW JERSEY 07424
973-247-9000
973-247-9199 (FAX)

214 CARNEGIE CENTER
SUITE 112
PRINCETON, NEW JERSEY 08540
609-751-5551

140 GRAND STREET
SUITE 705
WHITE PLAINS, NEW YORK 10601
800-569-3886

41 UNIVERSITY DRIVE
SUITE 400
NEWTOWN, PENNSYLVANIA 18940
267-757-8792
www.ansellgrimm.com

RICHARD B. ANSELL ‡
PETER S. FALVO, JR.
JAMES G. AARON
PETER B. GRIMM
MITCHELL J. ANSELL
BRIAN E. ANSELL‡
ALLISON ANSELL·†
MICHAEL V. BENEDETTO
DAVID B. ZOLOTOROFE
DONNA L. MAUL•
RICK BRODSKY•
LAWRENCE H. SHAPIRO•=
ROBERT A. HONECKER, JR. ⌐§
JENNIFER S. KRIMKO
FREDERICK C. RAFFETTO~
JOSHUA S. BAUCHNER•
DAVID J. BYRNE⌐
ANDREA B. WHITE •·

EDWARD J. AHEARN
JASON S. KLEIN•
MELANIE J. SCROBLE
BARRY M. CAPP•∆
DOUGLAS A. DAVIE•
MARK M. WIECHNIK
ELYSA D. BERGENFELD
RICHARD B. LINDERMAN⌐
CRAIG D. GOTTILLA •⌐
KEVIN M. CLARK
KRISTINE M. BERGMAN⌐
JESSICA T. ZOLOTOROFE
TARA K. WALSH•
RAHOOL PATEL•
NICOLE D. MILLER⌐
ALFRED M. CASO
ANTHONY J. D'ARTIGLIO•
SETH M. ROSENSTEIN•

COUNSEL
HON. ANTHONY J. MELLACI, JR., J.S.C. (RET)
STACEY R. PATTERSON•
JAMES A. SYLVESTER
ROY W. HIBBERD ∇∧
HON. RAYMOND A. HAYSER, J.T.C. (RET)
KELLY M. CAREY

RETIRED
ROBERT I. ANSELL
LISA GOLDWASSER•

IN MEMORIAM
LEON ANSCHELEWITZ (1929-1986)
MAX M. BARR (1929-1993)
MILTON M. ABRAMOFF (1935-2004)
DAVID K. ANSELL† (1962-2019)

LICENSED ALSO IN:
∧ D.C. ⌐ MASS. • N.Y. ˚ WASH.
⌐ PENN. ~ FLA. ∇ CALIF.

† FELLOW, AMERICAN ACADEMY OF MATRIMONIAL LAWYERS

‡ CERTIFIED BY THE SUPREME COURT OF NEW JERSEY AS A CIVIL TRIAL ATTORNEY

§ CERTIFIED BY THE SUPREME COURT OF NEW JERSEY AS A CRIMINAL TRIAL ATTORNEY

• CERTIFIED BY THE SUPREME COURT OF NEW JERSEY AS A MATRIMONIAL LAW ATTORNEY

October 13, 2021

**Via ECF**

Honorable Debra Freeman, U.S.M.J.
United States District Court for the
   Southern District of New York
40 Foley Square, Room 2102
New York, New York 10007

>   Re:   *Jeffrey M. Goldman v. Sol Goldman Investments LLC, et al.*
>         Civil Action No.: 1:20-cv-6727

Dear Judge Freeman:

This firm represents Defendants Sol Goldman Investments LLC ("SGI"), Solil Management, LLC ("Solil"), and Jane H. Goldman (collectively, "Defendants") in the above-styled matter. We write in opposition to the letter motion filed by Plaintiff Jeffrey M. Goldman ("Plaintiff") on October 7, 2021. ECF 61.

The motion raises two issues. First, Plaintiff contends that Judith Brener -- the general counsel for Solil and SGI – be compelled to testify about the substance of a June 24, 2020 conversation that she had with Jane Goldman regarding Plaintiff's election to terminate his employment. Second, the motion seeks the production of telephone records for Plaintiff's work cell phone for a two-week period in June 2020. We will address the issues in the order presented.

As an initial matter, Plaintiff apparently seeks to address the merits of the action by misstating the record and, tellingly, fails to provide a copy of the transcripts from either his or Ms. Goldman's deposition. As the merits of the underlying dispute are beyond the parameters of the current issues before the Court, we will not address them at this time, but will ensure the Court has a proper record in advance of the scheduled mediation.

086874.000058.74217021

Honorable Debra Freeman, U.S.M.J.
October 13, 2021
Page 2

*The Attorney-Client Privilege Applies to the June 24, 2020 Conversation*

In filing this motion, Plaintiff seeks the disclosure of information that is indisputably protected by the attorney-client privilege. Ms. Goldman is the principal of both Solil and SGI. Ms. Brener is the general counsel for Solil and SGI. The June 24, 2020 conversation concerning Plaintiff was the quintessential type of attorney-client communication that often occurs between a corporate client represented by one of their principals and the company's general counsel. The motion does not dispute that these types of conversations are generally protected by the attorney-client privilege. Instead, Plaintiff tries to evade the protection of the attorney-client privilege by claiming -- without any asserted basis -- that the conversation did not involve a request for legal advice simply because Ms. Brener's subsequent email to Plaintiff only stated that Ms. Goldman had told Ms. Brener that Plaintiff was retiring effective June 24.

However, this fundamentally misunderstands the nature of the conversation. The June 24, 2020 conversation that Ms. Brener had with Ms. Goldman necessarily involved a request for legal advice from Ms. Goldman, which Ms. Brener provided in her capacity as general counsel. Plaintiff is not entitled to probe the substance of this conversation because it would effectively eviscerate the privilege. *See, e.g.*, *Scott v. Chipotle Mexican Grill, Inc.*, 67 F. Supp. 3d 607, 609 (S.D.N.Y. 2014) ("The purpose of the attorney-client privilege is 'to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice.'") (citing *Upjohn Co. v. United States*, 449 U.S. 383, 393 (1981)); *Tikkun v. City of N.Y.*, 265 F.R.D. 152, 156 (S.D.N.Y. 2010) ("While not impenetrable, [the attorney-client] privilege, unless waived, is carefully guarded by the courts."); *S. Scrap Material Co. v. Fleming*, No. 01-2554, 2003 U.S. Dist. LEXIS 13558, at *4 (E.D. La. July 29, 2003) ("The confidential relationship between lawyer and client is sacrosanct and one of the bastions of an ordered liberty.").

Plaintiff's other arguments also are wide of the mark. The email from Ms. Brener to Plaintiff on June 24, 2020, which Plaintiff attached to his motion, was not a waiver of the attorney-client privilege. Ms. Brener simply informed Plaintiff that Ms. Goldman had informed her that Plaintiff was retiring effective the same day. The communication of a fact is not a waiver of the attorney-client privilege because underlying facts are not covered by the privilege in the first place. *See, e.g.*, *In re Six Grand Jury Witnesses*, 979 F.2d 939, 945 (2d Cir. 1992) ("Although an attorney-client communication is privileged and may not be divulged, the underlying information or substance of the communication is not . . . so privileged.") (citation omitted). Moreover, Defendants are not selectively choosing what parts of the June 24, 2020 conversation to disclose -- they have simply invoked the attorney-client privilege where the privilege applies like any litigant is entitled to do.

Simply put, the June 24, 2020 conversation between Ms. Goldman and Ms. Brener was between a client and its attorney, concerned the request for and receipt of legal advice, and the substance of that conversation was and remains confidential. *See Scott*, *supra*, 67 F. Supp. 3d at 610 ("The attorney-client privilege applies to '(1) a communication between client and counsel that (2) was intended to be and was in fact kept confidential and (3) was made for the purpose of obtaining legal advice.'") (quoting *In re County of Erie*, 473 F.3d 413, 419 (2d Cir. 2007).

Honorable Debra Freeman, U.S.M.J.
October 13, 2021
Page 3

### The Requested Telephone Records

With respect to Plaintiff's request for telephone records, as explained to counsel, they are not in Defendants' custody, possession, or control. Indeed, Defendants made a good faith effort to secure the records but the carrier only has them available for one-year – or from the present through October 13, 2020. As Plaintiff avers the conversation occurred in June of 2020, they are not accessible to Defendants.

Additionally, Plaintiff's assertion that a demand for phone records was previously made is belied by the plain language of the request as set forth in his counsel's letter. ECF 61 at 4 n.1. It belies credulity to interpret a request for "documents and communications relating to communications" between the parties to include phone records and, indeed, Plaintiff never once asserted that Defendants' production was deficient in this (or any) regard. As the Court already determined that discovery would be limited to the production of outstanding medical records and the deposition of Plaintiff's primary care physician, it is respectfully submitted that Plaintiff cannot now demand these records from Defendants or the third-party custodian (to the extent it remains in possession).

### Conclusion

For the foregoing reasons, it is respectfully request the motion should be denied in its entirety.

Respectfully submitted,

Joshua S. Bauchner, Esq.
Ansell Grimm & Aaron, P.C.
*Attorneys for Defendants*

Cc: Counsel for Plaintiff (via ECF)