# JOSEPH & KIRSCHENBAUM LLP
Attorneys at Law

Charles Joseph
D. Maimon Kirschenbaum
Denise Schulman
Josef Nussbaum
Lucas C. Buzzard

32 Broadway, Suite 601
New York, NY 10004
Phone (212) 688-5640
Fax (212) 688-2548
www.jk-llp.com

October 13, 2021

**VIA ECF**

Hon. Debra Freeman
United States District Judge
U. S. District Court for the Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

          Re:    *Goldman v. Sol Goldman Investments LLC, et al.*
                 Case No. 1:20 cv 6727

Dear Judge Freeman:

      We represent Plaintiff Jeffrey Goldman in the above-referenced action. I write in response to Defendants' Letter to the Court earlier today responding to Plaintiff's Letter Motion dated October 7, 2020. Our Letter to the Court seeks an Order that (a) Ms. Brener be compelled to testify as to what Ms. Goldman told her that Plaintiff said about the end of his employment, and (b) Plaintiff be allowed to take discovery—specifically to serve a subpoena—with respect to the phone records on his cell phone maintained by Solil. Plaintiff has a few small points in response to Defendants' Letter:

- Defendants' counsel specifically did not allow Ms. Brener to answer my question about what Ms. Goldman told Ms. Brener about her prior June 24, 2020 conversation with Plaintiff (*i.e.,* did he say he retired, did she tell him he was fired, etc.). In response to our argument that Ms. Brener waived any existing privilege by communicating the conversation to Plaintiff, Defendants posit that there was no waiver of attorney client-privilege, because the "underlying facts are not privileged." Defendants' argument—that the communication fo the facts are both privileged and not-privileged at once—is puzzling. To be sure, Plaintiff at deposition asked Ms. Brener what facts were communicated by Ms. Goldman to Ms. Brener. Defendants claim those facts are privileged and did not allow Ms. Brener to answer the question. Plaintiff responded that any existing privilege was waived because Ms. Brener communicated those facts to Mr. Goldman. Defendants now claim there was no waiver because the underlying facts are **not privileged.**

 We in fact agree that the information was not privileged because it was part of a business discussion and it is a communication of facts that we seek to discover. But if Defendants are correct that it was in fact privileged, they cannot also claim that

the privilege was not waived by taking exact opposite position, *i.e.* that there was no waiver because there was no privilege. In short, either the communication of facts was not privileged and we are entitled to discovery on those communications for that reason, or it was privileged, in which case Ms. Brener, by repeating that communication of facts to Mr. Goldman, waived the privilege as to that subject matter.

- Ms. Brener was Plaintiff's direct supervisor and reported to Ms. Goldman. To the extent there was a discussion between Ms. Goldman and Mr. Brener about the logistics of ending Plaintiff's employment (shutting his email access, etc.), that is the core business communication that is the subject of the lawsuit and is not privileged for the reasons outlined in our original Letter.

- With respect to the phone records, Ms. Brener's deposition was the *very first time* that Defendants claimed that Ms. Brener attempted to reach Plaintiff about his work-from-home request *prior* to his June 24, 2020 call with Ms. Goldman. Plaintiff never raised this deficiency with Defendant because he could not have known that Ms. Brener would make this (false) claim at her deposition. We are making this request after the close of discovery, because, as the Court is aware and was involved in, that is when Ms. Brener's deposition took place after numerous attempts to secure her deposition at a much earlier time and well before the discovery deadline.

For the foregoing reasons we respectfully request that the Court require Ms. Brener to testify as to the subject matter set forth above and that Plaintiff be allowed to subpoena Defendants cell-phone provider for the phone records in question.

We thank the Court for its consideration of this matter.

Respectfully submitted,

Joseph & Kirschenbaum LLP
*/s/D. Maimon Kirschenbaum*
D. Maimon Kirschenbaum