**JOSEPH & KIRSCHENBAUM LLP**
Attorneys at Law

Charles Joseph
D. Maimon Kirschenbaum
Denise Schulman
Josef Nussbaum
Lucas C. Buzzard
Mike DiGiulio
Leah Seliger

32 Broadway, Suite 601
New York, NY 10004
Phone (212) 688-5640
Fax (212) 688-2548
www.jk-llp.com

**VIA ECF**

January 14, 2022

Hon. Alison J. Nathan
United States District Court
Southern District of New York
40 Foley Square, Room 2102
New York, NY  10007

Hon. Debra Freeman
United States District Court
Southern District of New York
50 Pearl Street
New York, NY 10007

*Re: Goldman v. Sol Goldman Investments, LLC, et al. – 1:20 cv 6727*

Dear Judge Nathan and Magistrate Judge Freeman:

     We represent Plaintiff Jeffrey M. Goldman ("Plaintiff") with respect to the above-referenced action against Defendants Sol Goldman Investments, Inc. ("SGI"), Solil Management, LLC ("Solil"), and Jane H. Goldman ("Defendant Goldman") (collectively, "Defendants"). We write in response to Defendants' letter motion requesting an extension of their summary judgment briefing deadline and the Court's intervention in securing Maria Fleytas' appearance at a deposition (Dkt. #86).

     While we do not represent Ms. Fleytas, we do oppose Defendants' request for an extension of the briefing schedule for the simple reason that Defendants are not entitled to any relief because they plainly did not properly serve Ms. Fleytas under the rules. Rule 45 of the Federal Rules of Civil Procedure state that proper service of a subpoena "requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law." Rule 45(b).  Defendants attempted to serve Ms. Fleytas twice with subpoenas, and both times failed to provide any witness fee. Failure to tender witness fee renders a subpoena invalid. *Brown v. Hendler*, 2011 US Dist LEXIS 9476, at *6-7 (S.D.N.Y. 2011) (granting motion to quash subpoena and denying motion for court's intervention against subpoenaed party where subpoena was not served contemporaneously with witness fee).

     Defendants have already had an exceptionally long time – 42 days – to respond to Plaintiff's Motion for Summary Judgement (Dkt. #80-85), and have been aware of Ms. Fleytas as a potential witness since the inception of this action. Defendants should not be granted yet another extension of time to brief their opposition to Plaintiff's Motion for Summary Judgement simply because they repeatedly failed to properly serve Ms. Fleytas with a subpoena. *Han-Mo Song v. Dreamtouch, Inc.,* 2001 US Dist LEXIS 5822, at *24 (S.D.N.Y. 2001, 01) ("Where no fee is tendered with the service of a subpoena requiring a witness' attendance, the service is invalid."); *Costamar Shipping Co., Ltd. v. Kim-Sail, Ltd.*, 1995 U.S. Dist. LEXIS 18430, 1995

WL 736907 at *2 (S.D.N.Y. 1995) (same). Ignoring the Rules is inexcusable, and not justification to extend the briefing schedule.

It is also important to correct Defendants' intentional mischaracterization of the facts surrounding Ms. Fleytas's deposition. Defendants claim that Ms. Fleytas was disclosed as a potential witness late in discovery. This is false. Defendants themselves identified all of Defendants' current and former employees in their Initial Disclosures. See Defendants' Initial Disclosures attached hereto as **Exhibit A**. Plaintiff, in his Initial Disclosures, identified all individuals identified by Defendants. Plaintiff's Initial Disclosures attached hereto as **Exhibit B**. Ms. Fleytas was an employee of Defendants at the time they issued their Initial Disclosures, and it was certainly known to Defendants that she had relevant information pertaining to this action. Nevertheless, in the interest of full disclosure to Defendants, Plaintiff amended his Initial Disclosures on November 3, 2021 to name Ms. Fleytas. At the time that Plaintiff served his amended Initial Disclosures, Plaintiff stated that he would not oppose Defendants taking Ms. Fleytas' deposition. On November 22, 2021, Defendants emailed us their Notice of Deposition for Ms. Fleytas ("First Fleytas Subpoena"), and we did not oppose. The First Fleytas Subpoena demanded Ms. Fleytas' appearance on December 13, 2021.

Defendants never properly served the First Fleytas Subpoena. Nevertheless, Ms. Fleytas agreed to appear on December 13, 2021 via zoom, as requested by Defendants. See the First Fleytas Subpoena attached as **Exhibit C**. Plaintiff's counsel also confirmed that we made arrangements to appear on December 13, 2021. Nevertheless, just one business day before the noticed deposition, Defendants unilaterally cancelled Ms. Fleytas' deposition.[1] On December 14, 2022 Defendants sent Ms. Fleytas another subpoena ordering her to appear on January 7, 2022 (the "Second Fleytas Subpoena"). Defendants did not provide Ms. Fleytas with the required witness fee when serving the Second Fleytas Subpoena. Thus, the Second Fleytas Subpoena was never properly served, and Ms. Fleytas was not required to appear. Defendants are plainly not entitled to relief. Their own affidavit of service for the Second Fleytas Subpoena demonstrates that they did not serve her properly. They have already had an exceedingly long time to oppose Plaintiff's Motion for Summary Judgement and should not have more time because they failed to follow the rules.

Defendants seek this court's intervention with respect to the subpoena, but they did not bother to follow the rules. They have no valid justification for additional relief after already having 42 days to prepare their opposition. Thus, we respectfully request that the briefing schedule for Plaintiff's Summary Judgement Motion not be further delayed.

---

[1] Defendants falsely attempted to blame the cancellation on Ms. Fleytas. Specifically, on December 9, 2021, Defendants sent Ms. Fleytas a letter via regular mail falsely claiming they tried to contact her. Defendants knew well knew she wouldn't get this letter until the date of the scheduled deposition or later. Defendants also emailed the threatening letter to Plaintiff's counsel at 3:37 p.m. on December 9, 2021. We immediately forwarded the email to Ms. Fleytas so she could respond to Defendants' counsel promptly. Just three hours after Defendants sent the threatening letter, Ms. Fleytas emailed Defendants' counsel affirming her availability and intention to appear as directed by the First Fleytas Subpoena.

**JOSEPH & KIRSCHENBAUM LLP**

 /s/ *Leah Seliger*
Leah Seliger