Joshua S. Bauchner, Esq.
Rahool Patel, Esq.
ANSELL GRIMM & AARON, P.C.
365 Rifle Camp Road
Woodland Park, New Jersey 07424
Tel: (732) 922-1000 | Fax: (732) 922-6161
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JEFFREY M. GOLDMAN,<br><br>    Plaintiff,<br><br>  v.<br><br>SOL GOLDMAN INVESTMENTS LLC, SOLIL MANAGEMENT, LLC, and JANE H. GOLDMAN,<br><br>    Defendants. | DOCKET NO.: 1:20-cv-6727-AJN<br><br>CIVIL ACTION |

**DEFENDANTS SOL GOLDMAN INVESTMENTS LLC, SOLIL MANAGEMENT, LLC, AND JANE H. GOLDMAN'S MEMORANDUM OF LAW IN FURTHER SUPPORT OF CROSS MOTION FOR SUMMARY JUDGMENT**

Defendants Sol Goldman Investments LLC ("SGI") submits this reply brief in further support of its cross motion for summary judgment.

## LEGAL ARGUMENT

Defendant SGI's cross-motion seeking dismissal should be granted in its entirety as the record evidence confirms it did not employee Plaintiff (and does not employ anyone).

*First*, the case of *Tesher v. Sol Goldman Invs., LLC*, which Plaintiff Jeffrey M. Goldman ("Plaintiff") cited in in his memorandum of law is inapposite. The *Tesher* case involved a personal injury claim arising from a slip and fall on a sidewalk outside of a building, not an employment matter. There, the plaintiff sued 219 East (the limited liability company holding the deed to the building), Solil, SGI, and other entities alleging they had all failed to maintain the sidewalk. On various motions for summary judgment, the court concluded that SGI could "be charged with the duty of maintaining and/or repairing a public sidewalk adjoining the property" because it was "the party in exclusive control of the premises" and as, 219 East was owned by SGI, the latter "was also the actual owner of the premises." 2011 N.Y. Misc. LEXIS 2644, *20 (N.Y. Cty. Supr. Ct. May 31, 2011).

However, the court in *Tesher* did not find that Solil and SGI were a single integrated enterprise as Plaintiff falsely contends. In fact, the court *granted* the motion to dismiss all of the other entities named, including Solil, but with the exception of SGI. *Id.* at *38. In other words, the court recognized that Solil and SGI were ***not*** the same entity or a single enterprise as Plaintiff repeatedly has asserted in this case. Notably, the words "integrated" and "enterprise" do not even appear in the opinion of the *Tesher* court. We also note the court stated: "*Solil, which has no relationship with SGT* [sic] or 219 Fast, has no financial interest in 219 East." *Id.* at *21 (emphasis

1

added).¹ Accordingly, the *Tesher* case does not stand for the proposition that a court has previously found that Solil and SGI were a single integrated enterprise.

*Second*, Plaintiff misstates numerous other issues as well.  For example, Plaintiff argues that the averment from SGI's general counsel that "SGI does not employee any employees" is somehow a "legal conclusion."  Reply MOL at 14.  Plainly, this is a statement of fact, and one which Plaintiff cannot and does not dispute.  Similarly misguided, Plaintiff asserts that because SGI has a general counsel, it has an employee.  *See id*.  Just because an entity has counsel does not mean it has employees or, taking Plaintiff's argument to its illogical conclusion, everyone at the undersigned's firm would be an employee of Defendants.

*Third*, Defendant was not an ordinary employee.  He was (and remains) an attorney with significant experience who understood who was and was not his employer.  Throughout his entire time at Solil, he considered Solil and only Solil his employer for all intents and purposes.  He never questioned his tax forms, he never questioned the pay notice he received under New York state law, and he never questioned the identity of his employer at any point in time during a period of nearly twenty (20) years.  Perhaps an employee without legal training might not know the right questions to ask.  But Plaintiff did and yet he never questioned anything.  Moreover, the fact that he represented other companies in judicial and quasi-judicial proceedings did not magically transform him into an employee of each and every one of those companies, including SGI.  Again, applying Plaintiff's reasoning, the undersigned and anyone working with the undersigned at this

---

¹ There appear to be some typographical errors in the *Tesher* opinion.  While the court almost always referred to Sol Goldman Investments LLC as "SGI," it defined the company as "SGT" at the beginning of its opinion and used "SGI" in the quoted sentence.  In addition, the reference to "219 Fast" that appears a handful of times in the opinion is actually a reference to "219 East" because there is no party with the word "Fast" named in the case and the property where the slip and fall occurred was located at 219 East 69th Street.

2

law firm would also be employees of Solil and SGI because, in any attorney-client relationship, the clients are ultimately the decision-makers on major issues. Obviously, that would be a preposterous conclusion to reach but it shows the absurdity of Plaintiff's argument.

*Fourth*, Plaintiff claims that Defendants admitted certain facts which are not in dispute. This is a wholesale falsity. Reply MOL at 17-18. Plaintiff asserts that "Defendant SGI owned and managed all of the properties that Plaintiff represented during his employment, CMF ¶¶ 17-18, 22-23…" *See id*. Nothing could be further from the truth. Paragraph 17 is disputed and relates to Defendant Goldman's ownership of properties. Paragraph 18 states that "SGI asserts financial control of the various properties." Paragraph 22 states that Defendant Goldman has authority to settle cases Plaintiff worked on involving properties owned by SGI, and Paragraph 23 states that Ms. Brener did not have such authority. From that, Plaintiff makes the unsupported, incorrect leap that SGI admitted "it's [sic] role in the enterprise was to manage the various properties and the role of Defendant Solil … was to run payroll for the management of these properties." *See id.* at 18. In truth, as its name confirms, Solil Management manages the properties and employees, Plaintiff was employed by Solil, and every shred of documentary evidence confirms this fact. SAMF ¶¶ 49-63.

Plaintiff cannot escape this reality notwithstanding his pained efforts. For example, Plaintiff disputed the statement that "he did not receive any compensation from SGI," asserting that it was not supported by "relevant and admissible evidence." Resp. to SAMF ¶ 63. In fact, the cited evidence is **Plaintiff's own testimony**:

> Q. Did you ever have a paycheck that said Solil Goldman Investments on it?
>
> A. Not to my knowledge.

3

SAMF ¶ 63. At the end of the day, there is no basis for the Court to conclude that SGI was Plaintiff's employer.

## CONCLUSION

For the foregoing reasons, it is respectfully requested that the Court grant Defendant SGI's cross-motion, dismiss it from the action with prejudice, and grant such other, further, and additional relief as justice so requires.

Dated: April 29, 2022
Woodland Park, NJ

Respectfully submitted,

Joshua S. Bauchner, Esq.
Ansell Grimm & Aaron, P.C.
*Attorneys for Defendants*