```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

JEFFREY M. GOLDMAN,

                                    Plaintiff,            20-CV-06727 (MKV)(SN)

                  -against-                               OPINION & ORDER

SOL GOLDMAN INVESTMENTS LLC, et al.,

                                    Defendants.
-----------------------------------------------------------------X
```

**SARAH NETBURN, United States Magistrate Judge:**

Defendants Sol Goldman Investments LLC, Solil Management LLC, and Jane H. Goldman move the Court to find that Plaintiff Jeffrey M. Goldman engaged in spoliation and to impose appropriate sanctions. The motion is denied.

## PROCEDURAL BACKGROUND

Plaintiff sued his former employers in August 2020 alleging violations of the New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.*, and the New York City Human Rights Law, N.Y. Admin. Code § 8-101 *et seq.* He subsequently amended his complaint to add claims under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*

This dispute concerns the discovery of certain electronically stored information (ESI): (1) the records from Plaintiff's work cell phone, and (2) an email Plaintiff sent to his doctor in May 2020. After Plaintiff was fired in June 2020, he returned his work phone and laptop to Defendants. ECF No. 76, Ex. 1 (Declaration of Jeffrey M. Goldman ("Goldman Decl.")) ¶ 18. Before returning the phone, Plaintiff re-set the phone to the factory setting, deleting the phone's contents. Id. at ¶¶ 10–11. In connection with this motion, he avers that he re-set the phone

because he "received this work phone on the factory setting and believed [he] was supposed to return the phone in the same condition in which I received it," and because he thought "it would be easier for the next employee to use the phone if it had been re-set to the factory setting." Id. at ¶¶ 12–13. Plaintiff further alleges that he did not believe re-setting the phone would lead to any loss of information because Defendants maintained the phone records and all of his emails were saved on their server. Id. at ¶¶ 15–16. The contemporaneous records include a July 3, 2020 email in which Plaintiff wrote to a friend: "I erased the Solil phone & will return it to those bitches. Long story short, they would not send me my stuff and they didn't send me FedEx labels for their computers. I will drive into Manhattan and do an exchange. Place sucks." ECF No. 76, Ex. 7.

During discovery, Plaintiff performed a search of his email account for responsive documents, including communications from his doctor, Doron Katz. Goldman Decl. ¶ 3. Plaintiff provided the emails he found to his attorney, which did not include the May 2020 email. Id. at ¶ 5.

During his deposition, Defense counsel showed Plaintiff a doctor's note provided by Dr. Katz and was asked how he requested the note. ECF No. 76, Ex. 5 (Deposition of Jeffrey Goldman ("Goldman Dep.")) 84:17–24. Plaintiff responded that he had called the office and Dr. Katz emailed the requested letter to him. Id. at 85:1–14. When asked which account, Plaintiff testified that he did not remember, but that he had an AOL email account that he had searched for responsive documents. Id. at 85:11–86:2. Defense counsel asked why the email from the doctor was not produced, and Plaintiff responded: "I don't have it. I don't know." Id. at ¶ 123:14–18. Defense counsel asked if he had deleted it and Plaintiff responded: "It could have been lost. It could have been accidentally deleted." Id. at ¶ 123:19–21. Pressing further, defense

counsel inquired if Plaintiff had deleted any other emails relevant to the litigation. Id. at ¶ 124:14–16. He responded that he had not and affirmed that the only deleted email was the transmittal email from his doctor. Id. at ¶ 123:17–22.

At Dr. Katz's subsequent deposition, he voluntarily provided Defendants a May 28, 2020 email from Plaintiff to Dr. Katz, sent from Plaintiff's personal email account. ECF No. 76, Ex. 4 (Deposition of Dr. Doron Katz ("Katz Dep.")) ¶ 52:17–19. The email, which had not previously been produced, read in relevant part:

> My employer is going to gradually open probably in @ 2 weeks. I anticipate that I will be expected to return at some point. Sheryl and I have been strongly quarantined. I have rarely left the house. I would greatly appreciate it if you can provide me with a very strong emphatic letter that states that I have been your patient for many years and it [i]s your strong medical opinion that I cannot return to work in an office in New York City or the courts in New York City due to a number of underlying health issues. Either they will terminate my employment and I will file for unemployment or I will retire depending on discussions with them.

ECF No. 76, Ex. 3.

After the doctor's deposition, Plaintiff's counsel helped him conduct a second search of his email, which led to the discovery of 75 new emails and documents. Goldman Decl. ¶¶ 20–21. Plaintiff avers that most of these emails were correspondence with other co-workers after his termination and were not relevant to the litigation, but they were produced to Defendants on October 29, 2021. Id. at ¶¶ 23–24; see also ECF No. 76, Ex. 6. Plaintiff's email referencing his erasure of his work phone was apparently included in this production. ECF No. 76, Ex. 7. Plaintiff offered to sit for an additional deposition in light of the new production but that offer was not acted on. ECF No. 76, Ex. 6.

Defendants move for sanctions pursuant to Federal Rule of Civil Procedure 37(e). They argue that Plaintiff engaged in the "intentional, bad-faith spoliation of evidence" and seek the dismissal of the Amended Complaint with prejudice or, in the alternative, lesser sanctions.

## DISCUSSION

### I. Legal Standard

"Spoliation is 'the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation.'" Leidig v. Buzzfeed, Inc., Nos. 16-cv-542 (VM)(GWG), 2017 WL 6512353, at *7 (S.D.N.Y. Dec. 19, 2017) (quoting Byrnie v. Town of Cromwell, Bd. of Educ., 243 F.3d 93, 107 (2d Cir. 2001)). Under the common law standards, a party seeking spoliation sanctions would need to "establish (1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the records were destroyed with a culpable state of mind; and (3) that the destroyed evidence was relevant to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense." Chin v. Port Auth. of N.Y. & N.J., 685 F.3d 135, 162 (2d Cir. 2012) (internal quotation marks omitted); see also Passlogix, Inc. v. 2FA Tech., LLC, 708 F. Supp. 2d 378, 409 (S.D.N.Y. 2010). Under this standard, negligence or even gross negligence can be sufficient to warrant sanctions.

Defendants, however, move for sanctions under Federal Rule of Civil Procedure 37(e), which relates specifically to ESI. The Rule provides:

> If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery the court:
>
> (1) upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or

> (2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:
> a. presume that the lost information was unfavorable to the party;
> b. instruct the jury that it may or must presume the information was unfavorable to the party; or
> c. dismiss the action or enter a default judgment.

Thus, Rule 37(e)(2) differs from the common law rule in that it authorizes courts to impose severe sanctions only where "the party that lost the information acted with the intent to deprive another party of the information's use in the litigation," replacing the "culpable mind" standard. Fed. R. Civ. P. 37(e)(2) advisory committee's note to 2015 amendment; see also Ungar v. City of New York, 329 F.R.D. 8, 12 (E.D.N.Y. 2018).

Otherwise, the "movant is still required [to] show prejudice," which may either be inferred from evidence that the spoliator "acted with the intent to deprive" or be proven circumstantially. Id. at 13. The Advisory Committee states only that "an evaluation of prejudice from the loss of information necessarily includes an evaluation of the information's importance in the litigation," Fed. R. Civ. P. 37(e)(1) advisory committee's note to 2015 amendment, which can either be interpreted as requiring merely that the spoliated evidence be probative, or alternately that it "would affirmatively support the movant's claim," Ungar, 329 F.R.D. at 15. See also Stanbro v. Westchester Cnty. Health Care Corp., Nos. 19-cv-10857 (KMK)(JCM) & 20-cv-1591 (KMK)(JCM), 2021 WL 3863396, at *14 (S.D.N.Y. Aug. 27, 2021). "The rule does not place a burden of proving or disproving prejudice on one party or the other," but rather "leaves judges with discretion to determine how best to assess prejudice in particular cases." Fed. R. Civ. P. 37(e)(1) advisory committee's note to 2015 amendment.

Although "[c]ourts appear to be divided with respect to the appropriate standard of proof to apply to a claim of spoliation," the clear and convincing standard is appropriate where "the

5

defendants seek terminating sanctions and the plaintiff['s] state of mind is at issue." CAT3, LLC v. Black Lineage, Inc., 164 F. Supp. 3d 488, 498–99 (S.D.N.Y. 2016). Determination of the appropriate sanction "is confined to the sound discretion of the trial judge, and is assessed on a case-by-case basis." In re Pfizer Inc. Sec. Litig., 288 F.R.D. 297, 313 (S.D.N.Y. 2013) (internal quotation marks omitted).

## II.    Analysis

Defendants are not entitled to sanctions in connection with the May 28, 2020 email because it has been produced. Rule 37(e) applies only where ESI has been "lost" and "cannot be restored or replaced through additional discovery." Fed. R. Civ. P. 37(e); see also Farella v. City of New York, Nos. 05-cv-5711 (NRB) & 05-cv-8264 (NRB), 2007 WL 193867, at *2 (S.D.N.Y. Jan. 25, 2007) ("[F]or sanctions to be appropriate, it is a necessary, but insufficient, condition that the sought-after evidence *actually existed and was destroyed*.") (emphasis in original). The email was not lost because Dr. Katz produced it at his deposition. Therefore, spoliation sanctions may not be awarded for Plaintiff's failure to produce the May 28 email, and the Court need not inquire into Plaintiff's state of mind. Steuben Foods, Inc. v. Country Gourmet Foods, LLC, No. 08-cv-561S(F), 2011 WL 1549450, at *4 (W.D.N.Y. Apr. 21, 2011) (rejecting spoliation sanctions where email was not destroyed, but rather was initially overlooked and produced at a later date); see also Leidig, 2017 WL 6512353, at *7 (concluding that spoliation sanctions were not appropriate because defendant did not allege that documents were lost).

With respect to Plaintiff's work phone, Defendants lean into Plaintiff's post-termination email to his friend that he "erased" his phone to establish his intent to deprive Defendants of the ESI. Defendants, however, have not established that any information was "lost" or "cannot be restored." The Rule's requirement that the ESI be lost reflects that ESI "often exists in multiple

locations" and so "loss from one source may often be harmless when substitute information can be found elsewhere." Fed. R. Civ. P. 37(e)(1) advisory committee's note to 2015 amendment. To the extent Defendants seek access to Plaintiff's work email or phone records from his work cell phone, they unquestionably have access to them as his former employer.

Even if Defendants could prove that the phone records could not be restored or replaced through additional discovery, Defendants have not shown that Plaintiff acted with the intent to deprive them of the phone records. Saying "I erased the Solil phone" does not establish by clear and convincing evidence that Plaintiff act with the intent to deny Defendants access to this ESI. Compare Leidig, 2017 WL 6512353, at *11 (Plaintiff's testimony that he had "made the decision" to disable his website after the duty to preserve arose shows only "the intent to perform an act that destroys ESI" and not "the intent to actually deprive another party of evidence."); and Bursztein v. Best Buy Stores, L.P., No. 20-cv-00076 (AT)(KHP), 2021 WL 1961645 at *8 (S.D.N.Y. May 17, 2021) (reasoning that sanctions under Rule 37(e)(2) were not warranted where it was unclear if Defendant's tactics "to intentionally deprive Plaintiff of evidence or if the loss of ESI is simply the product of incompetence"); with CAT3, LLC, 164 F. Supp. 3d at 499–500 (holding that testimony of "well-qualified" forensic expert that plaintiffs deleted unfavorable emails and replaced them with emails supporting their legal position constituted clear and convincing evidence that plaintiffs had acted "to gain an advantage in the litigation"). And Plaintiff's own litigation conduct demonstrates his belief that the information would be available to Defendants and favorable to him. See, e.g., Goldman Decl. ¶¶ 12–16 (explaining that he believed Defendants retained access on their server); ECF No. 76, Ex. 9 (Plaintiff sought this discovery from Defendants and by subpoena to the providers).

Finally, Defendants have failed to make a showing of prejudice. Defendants assert that the deleted phone records "must have been relevant because Plaintiff would not have destroyed it in his fit of anger if the data would not have benefited or been relevant to Solil in some manner." ECF No. 79 (Defendant's Reply Memorandum of Law) at 5. "Courts in this Circuit generally require some proof [that the evidence would affirmatively support the movant's claim] before sanctions will issue," and the mere fact that data has been lost or destroyed is not sufficient to support an inference that it would have been favorable to Defendants. Ungar, 329 F.R.D. at 15; Pugh-Ozua v. Springhill Suites, No. 18-cv-1755 (RA), 2020 WL 6562376 at *4 (S.D.N.Y. Nov. 9, 2020) (concluding that movant had not demonstrated the requisite prejudice where she had "not provided any evidence–aside from her own speculation–to support her argument that the [deleted] text messages and emails would have corroborated her claims"); Best Payphones, Inc. v. City of New York, Nos. 1-cv-3294 (JG)(VMS), 1-cv-8506 (JG)(VMS), & 3-cv-0192 (JG)(VMS), 2016 WL 792396 at *6 (E.D.N.Y. Feb. 26, 2016) (reasoning that sanctions under Rule 37(e)(1) were not warranted where defendants had not shown that deleted emails contained substantive information relevant to the legal issues in the case).

Defendants have not established the elements of a spoliation claim under Rule 37(e), and so their request for sanctions is DENIED.

## CONCLUSION

Defendants' motion for spoliation sanctions, including the dismissal of the Amended Complaint, is DENIED. The Clerk of Court is respectfully requested to terminate the motion at ECF No. 70.

**SO ORDERED.**

DATED:   New York, New York
         June 13, 2022

_____
SARAH NETBURN
United States Magistrate Judge